BELDING *v.* MELOCHE.

1. LAND CONTRACTS — RENTS AND PROFITS — RECEIVER PENDING FORECLOSURE—DEFICIENCY.

A receiver, appointed to collect the rents and profits of premises pending foreclosure proceedings under a contract providing that, on default of the purchaser, the vendor may re-enter without notice, may be required to pay over to complainant the money so received, to apply upon a deficiency remaining after sale, where the purchaser seeks to appropriate such funds, to the exclusion of complainant's claim.

2. FORECLOSURE—PERSONAL DECREE—WAIVER.

An objection that the complainant in a foreclosure suit was not entitled to a personal decree for a deficiency, because, upon the trial, his counsel stated that they did not ask a personal decree, is not available on appeal, where it was not set up in the answer to the petition for such decree, nor claimed upon the hearing.

Appeal from Ionia; Davis, J. Submitted April 30, 1897. Decided May 28, 1897.

Foreclosure bill by Milo M. Belding and Alvah N. Belding against Albert F. Meloche, Napoleon H. Meloche, and others. Complainants obtained a decree, and, after a sale thereunder, filed a petition for the application of certain moneys in the hands of the receiver to the payment of a deficiency, and for a personal judgment for the balance then remaining due. From a decree for complainants, defendants Meloche appeal. Affirmed.

*McGarry & Nichols*, for complainants.

*R. A. Hawley*, for appellants.

HOOKER, J. On May 2, 1892, the complainants sold to the Meloches (two of the defendants), upon contract, a business block in the village of Belding, at an agreed

price of $36,000, to be paid in 120 monthly installments of $300, without interest. The contract does not expressly state that the vendees shall be entitled to possession, but does provide that, in case of default, the vendors may—

"Elect to consider themselves released and discharged of and from any and all liability in any of the covenants specified to be done and performed by them, and all improvements made by the said parties of the second part shall be deemed forfeited as stipulated damages for the nonfulfillment of this contract, and said parties of the first part, or their authorized agent, may, without notice to quit or demand of possession, re-enter into and repossess the said premises, and the said parties of the second part, and each and every occupant hired by, through, or under them, to remove and put out; it being expressly understood that such failure of said second parties shall forfeit all claim, either in law or in equity, which might otherwise exist on the provisions of this contract in favor of the said parties of the second part."

The vendees made default in the payments, and this bill of complaint was filed to foreclose their rights under the contract. At this time portions of the building were rented, and the bill prayed the appointment of a receiver, to receive the rents and profits of said premises, and such receiver was appointed, and has received said rents. A decree of foreclosure and sale was made, and, after the sale occurred, an order of confirmation was entered. No appeal was taken from any of the proceedings thus far. Subsequently, the complainants filed their petition, alleging that on March 9, 1896, a decree was entered for the complainants for the sum of $6,172.44 and costs, making a total of $6,648.30; that, at a sale of the interest of the Meloches in said premises, the complainants purchased the same for $3,000, and that there was a deficiency of $3,648.30; that the final account of the receiver, duly filed, shows a balance in his hands at the date of the report of $2,349.36, which, after the allowance of compensation to and disbursements by the receiver, would leave $1,856.98, which the petition prays may be applied upon the deficiency, and that it be declared that the remaining defi-

ciency constitute a personal judgment, upon which execution may issue against the Meloches. A decree was made in accordance with the prayer of the petition, and the defendants Meloche appeal.

It is claimed—*First*, that the court had no authority to appoint a receiver to take the rents during the foreclosure, and that the moneys collected should not be turned over to the complainants; *second*, that there should be no decree for a deficiency against the appellants, because, upon the trial of the case, counsel for complainants stated that they did not care to ask a personal decree.

Counsel bases his first contention upon a class of cases which hold that, under 2 How. Stat. § 7847, the mortgagee is not entitled to the profits of land during foreclosure. See *Wagar* v. *Stone*, 36 Mich. 364. In that case the court said:

"The mortgagor is entitled to the possession during the proceedings taken to foreclose the mortgage, and until a sale has been made and the title of the purchaser has become absolute; and, until the title has become absolute upon a foreclosure of the mortgage, an action of ejectment cannot be maintained by the mortgagee, his assigns, or representatives, to recover possession of the mortgaged premises. 2 Comp. Laws, § 6263. Since the passage of this act, which prevents the mortgagee from obtaining possession until he has acquired an absolute title to the mortgaged premises, the mortgage binds only the lands. The rents and profits of the land do not enter into or form any part of the security. At the time of giving the security, both parties understand that the mortgagor will, and that the mortgagee will not, be entitled to the rents, issues, or profits of the mortgaged premises until the title shall have become absolute upon a foreclosure of the mortgage. Until the happening of this event, the mortgagor has a clear right to the possession and to the income which he may derive therefrom; and the legislature, by the passage of this statute, contemplated that he should have such possession and income to aid him in paying the debt. It would be a novel doctrine to hold that the mortgagee had a right to the profits incident to ownership, and yet that he had neither a legal title nor right to possession. The legislature, in depriving him of the means of

113 MICH.—15.

enforcing possession, intended thereby also to cut off and deprive him of all rights which he could have acquired in case he obtained possession before acquiring an absolute title.   To deprive him of this particular remedy, and yet allow him in some other proceedings to, in effect, arrive at the same result, would be but a meaningless proceeding, and would not be securing to the mortgagor those substantial rights which it was the evident intent he should have.   We do not overlook the fact that a contrary doctrine has been held elsewhere under a similar statute. We cannot avoid thinking, however, that for us to so hold would be but a mere evasion of our statute."

In *Michigan Trust Co.* v. *Lansing Lumber Co.*, 103 Mich. 392; 402, we recognized the validity of a contract whereby possession by the mortgagee may precede foreclosure; and the case of *Wagar* v. *Stone* shows that in other States possession may be given to receivers pending foreclosure of mortgages, and the decision in that case is made to rest upon the statute.   The statute does not in terms apply to equitable mortgages, if we should hold this to be one.   In the *Wagar Case* the court said that the object of the legislature was that the mortgagor "should have possession to aid him in paying the debt;" but in this case the vendees seek to avoid the payment of the debt, and to appropriate the fund in the hands of the receiver, to the exclusion of the complainants' just claim.

Again, it is contended that the complainants are not entitled to a personal decree for the deficiency.   This claim seems to rest upon an alleged waiver or estoppel, by what occurred upon the hearing of the original case. It does not appear to have been set up in the answer to the petition, and is said not to have been claimed in the circuit court upon the hearing.   We do not discover that this statement is disputed.

Under these circumstances, we think the order of the circuit court in chancery should be affirmed, with costs; and it is so ordered.

The other Justices concurred.