PUZIOL *v.* KASTLE.

1. COURT COMMISSIONERS—HAVE NO EQUITABLE JURISDICTION.

The circuit court commissioner, having no equitable juris-diction, could not adjudicate the equities of assignees of the vendees in a land contract in summary proceedings by the original vendors for possession.[1]

2. JUDGMENT—EQUITABLE RIGHTS NOT DETERMINED IN SUMMARY PROCEEDINGS.

The equities of assignees of the vendees in a land con-tract, not being within the jurisdiction of the circuit court commissioner, could not be foreclosed by the de-termination in summary proceedings by the original vendors for possession.[2]

3. VENDOR AND PURCHASER—VENDEES' RIGHTS UNDER SECOND CON-TRACT—RIGHT TO SUBROGATION.

The vendees in a second contract for the sale of land have no right to pay the vendors in the original contract and demand a deed until their contract has been declared an equitable assignment of the original contract, thus subrogating them to the rights of the vendees therein.[3]

4. SAME—EFFECT OF VENDOR'S RECOGNITION OF RIGHTS OF THIRD PARTIES—SUBROGATION.

Where the vendors in a land contract recognized rights

[1]Court Commissioners, 15 C. J. § 4 (Anno); [2]Judgments, 34 C. J. § 1287 (Anno); [3]Vendor and Purchaser, 39 Cyc. p. 1678 (Anno).

of third parties in possession under a contract from the vendees in the original contract, by participation in payments made by them and in conversations with them, said third parties were entitled to their day in court on the question of an equitable assignment subrogating them to the rights of the vendees in the original contract.[4]

5. SAME—RIGHT OF VENDEES IN SECOND CONTRACT TO BE SUBROGATED TO RIGHTS OF VENDEES IN ORIGINAL.

Where the vendors in a land contract recognized the rights of third parties in possession under a contract from the original vendees, a decree in equity subrogating said third parties to the rights and obligations of said original vendees is affirmed, on appeal.[5]

Appeal from Wayne; Mayne (Frederick W.), J., presiding. Submitted January 13, 1925. (Docket No. 78.) Decided May 14, 1925.

Bill by Joseph Puziol and another against Jerry Kastle and others to enjoin summary proceedings. From a decree for plaintiffs, defendants Kastle appeal. Affirmed.

*Crandell, Tinkham & Baxter,* for plaintiffs.

*Thomas A. Conlon* and *Chester J. Morse,* for appellants.

WIEST, J. September 5, 1916, Jerry and Agnes Kastle, owners, gave Frank J. and Martha Selewski a land contract for a 40-acre farm in Huron township, Wayne county. The Selewskis paid down $2,500, and agreed to pay $2,500 more within five years with six per cent. interest. At the end of five years there was $2,250 due on the contract. November 28, 1916, the Selewskis assigned the contract to Teofil and Eva Gutmanski. April 5, 1917, the Gutmanskis assigned to John and Teresa Phillips. October 15, 1918, with only their contract interest in the premises, John and

---

[4]Vendor and Purchaser, 39 Cyc. p. 1678 (Anno); [5]Id., 39 Cyc. p. 1687 (Anno).

Teresa Phillips gave John and Sophia Kulesa a land contract, agreeing to sell them the farm at the price of $7,000, with $3,500 paid down and payments of $50 or more semi-annually with six per cent. interest until remaining $3,500 paid.  May 9, 1919, the Kulesas assigned to Jacob and Mary Liss.  May 19, 1919, the Lisses assigned to Joseph and Mary Puziol, plaintiffs herein.  In September, 1921, Jerry and Agnes Kastle gave notice of forfeiture of the Selewski contract to plaintiffs and John and Teresa Phillips, and September 26, 1921, commenced a summary proceeding against them, before a circuit court commissioner, to obtain possession of the farm.  The commissioner's summons was served on plaintiffs herein and the Phillipses and judgment of restitution rendered October 13, 1921; $2,264.25 was found due on the Selewski contract and writ of restitution was issued November 14, 1921. November 19, 1921, the bill herein was filed and at the hearing was amended to conform to the proofs. Defendant Travis is the officer having the commissioner's writ of restitution.  The bill was taken as confessed by the Phillipses and dismissed by plaintiffs as to the Selewskis.

Plaintiffs claim that Jerry Kastle received payments they made upon the Phillips contract and at the time of serving notice of forfeiture informed them it was merely designed to eliminate the Phillipses.  The circuit judge found the Kastles estopped from denying rights in plaintiffs, and entered a decree permitting plaintiffs to pay the Kastles the sum due on the Selewski contract within 60 days, dismissing the bill if not so done.  The Kastles appealed.  We think the decree ought to stand.

Plaintiffs attack the validity of the proceeding before the commissioner; while the Kastles claim such proceeding is *res adjudicata* upon the question of plaintiffs' rights.  The commissioner has no equitable jurisdiction and could not adjudicate the question here

presented.     The equities of plaintiffs could not be worked out or considered in the summary proceeding, and we need not pass upon the record there made. The issue here, not being one within the jurisdiction of a circuit court commissioner, is not foreclosed by any determination in the summary proceeding.

The land contract from John Phillips and wife could not, until declared an equitable assignment of the Kastle contract, and thus subrogate plaintiffs to the rights of the Phillipses, bring plaintiffs the right to pay the Kastles and demand performance by deed. The Kastles claimed at the hearing that plaintiffs held no rights under the Phillips contract they were bound to recognize.     This is probably so on the law side of the court, but not so in equity.     The Kastles did recognize rights existing in plaintiffs.     Plaintiffs were in possession, claiming under the Phillips contract, paying $50 and interest semi-annually in the presence of Mr. Kastle, out of which Mr. Kastle received the semi-annual payment of $25 and interest due on the contract held by Phillips.

The Kastles claim they were not required to recognize the Phillips contract under which payments could extend over a period of 35 years, while their contract called for full payment in September, 1921.     Of course, they were not bound at all by the Phillips contract with plaintiffs, except as it operated as an equitable assignment of the Phillips interests under the outstanding contract executed by the Kastles, and this they did recognize by participation in payments made and in conversations with plaintiffs.     After this suit was commenced payments were also made at a bank by plaintiffs and credited to the Kastle account, and Mr. Kastle was so notified and has made no return thereof, but stands ready to abide the order of the court with reference thereto.     Plaintiffs, by reason of recognition by the Kastles, were entitled to their day in court upon the question of their right to

be subrogated to the rights of the Phillipses. The plaintiffs did not and could not have their day in court on such question before the commissioner. We are satisfied by the evidence that equity will be well served by an affirmance of the decree.

The decree is affirmed, plaintiffs will have 40 days in which to comply with its terms, and in default thereof their bill will be dismissed. Plaintiffs will recover costs against defendants Kastle.

CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. McDONALD, C. J., did not sit.