W. R. REYNOLDS & CO. v. GORDON.

1. RECEIVERS—LAND CONTRACTS—FORECLOSURE.

Where, in a suit for the foreclosure of a contract for the sale of an apartment house, an accounting, and the appointment of a receiver *pendente lite*, it appeared that the vendee's interest had been assigned and otherwise transferred so that it was difficult to ascertain where such interest was at the time plaintiff acquired the vendor's interest, and the premises were in the hands of various persons, who, without investment, were intent on collecting rentals as long as possible and then abandoning the premises, the appointment of a receiver was justified.[1]

2. SAME—SERVICE OF PROCESS.

In such suit, the appointment of a receiver should not be vacated because an alleged lessee was not personally served with process or copy of order to show cause, where his interest in the subject-matter was questionable and his attorney was present at the hearing and could have protected his client's interest, and although such lessee was later served with process, he did not enter a general appearance and made no attempt to go into the merits, but based his appeal on the lack of jurisdiction of the court to make such appointment.[2]

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 20, 1926. (Docket No. 119.) Decided March 20, 1926.

Bill by W. R. Reynolds & Company against Alex Gordon and others for the foreclosure of a land contract, an accounting, and the appointment of a receiver. From an order appointing a receiver *pendente lite*, defendant Gordon appeals. Affirmed.

[1]Vendor and Purchaser, 39 Cyc. p. 1871; [2]Id., 39 Cyc. p. 1871 (Anno).

*Charles F. Delbridge* (*W. Leo Cahalan,* of counsel), for plaintiff.

*Harold M. Shapero* (*Samuel Shapero,* of counsel), for appellant.

SNOW, J.    The plaintiff, on April 21, 1925, acquired by warranty deed the legal title to a 52-apartment building in Detroit, known as Essex Court.    At the same time it acquired by assignment the vendor's interest in a land contract for the sale of the property. The vendee's interest in this contract has been shifted from one person to another in such rapid succession that it is most difficult to ascertain just where it was when plaintiff acquired the title, or who it was that made the claim to it.    April 22, 1924, one Edna A. Clawson had an interest in the property by virtue of articles of agreement with the Michigan Investment Company, the then owner.    On said date she entered into a land contract for the sale of the premises in question to Harry and Sarah Gildenhorn.    May 16, 1924, the Gildenhorns assigned their interest in the contract to Delia M. Barton, who was made one of the defendants in this case.    On or about March 19, 1925, the said Barton sold the premises on a second land contract to George S. Gies, another defendant. On the same day Gies assigned his purchaser's interest in this land contract to Saul H. Meister, another defendant.    In April, 1925, Meister informed Mrs. Barton that he had assigned his interest in the contract to Simon Nadell, still another defendant, but when asked about it by Mrs. Barton, Nadell denied the assignment.    Alex Gordon was made a defendant in this suit, but plaintiff charges in its bill of complaint that it did not know the nature of his claim to interest in the property.

The bill of complaint is filed for a foreclosure of the land contract, in which defendant Barton is assignee

of the purchaser, and for an accounting, and the appointment of a receiver to take charge of the premises and operate and manage the same. An order to show cause why a receiver should not be appointed was made, and this together with court process was served upon all of the defendants excepting Alex Gordon. On the day of hearing defendant Delia M. Barton appeared by counsel and consented to the appointment of a receiver. None of the other defendants appeared, but Harold M. Shapero, the present attorney for Gordon, came into court and filed an affidavit of Simon Nadell to the effect that on April 17, 1925, he had leased the apartment house to Alex Gordon for one year, and that afterwards, to wit, April 23, 1925, he had sold his interest to one Harry Pearlman. He also filed his own affidavit stating he had appeared for Gordon in other litigation, and that Gordon was then out of the State and would return in ten days. He did not, however, appear for said Gordon as his attorney. Upon the hearing the court appointed the Union Trust Company, receiver. This was June 20, 1925.

On the 30th day of June, 1925, Mr. Shapero appeared specially for Alex Gordon as his attorney, and made a motion to set aside the order appointing a receiver, because Gordon had not been served with process or the order to show cause. This motion was denied. Defendant Gordon has never appeared in the case generally, never filed an answer, and never attempted to have the right or necessity of a receiver determined on its merits, although he has now been served with process. He takes the position because he was not served with notice in the first instance that the order appointing a receiver is void. This is his claim here.

The contract sought to be foreclosed contains the usual provision that if the second party shall fail to

make payments or perform the conditions set forth, that party of the first part shall immediately after such failure have the right to declare the contract void, treat second parties as tenants holding over without permission, and may take immediate possession of the premises, and remove the parties of the second part therefrom. That plaintiff under the circumstances is entitled to a receiver is not seriously questioned by appellant. In fact, counsel in his brief declares:

"The argument in paragraph one in plaintiff's brief that the plaintiff was entitled to possession thereof is immaterial in our view to the issue presented by this record."

And again:

"The only issue is whether or not the court had the jurisdiction to appoint the receiver without notice to Alex Gordon, the lessee."

We have no difficulty in arriving at the conclusion that the facts disclosed by the record are such that the court would be fully justified in appointing a receiver to take charge of this apartment house, collect the rents, and account for its management to those who have any interest in it. We are not impressed with the fact that the many transfers and juggling of the vendees' interest in this contract, all in the course of a little over a month, were *bona fide*. It is also very much in doubt what, if any, interest in the premises defendant Gordon ever had. True, Nadell says that on April 17, 1925, he (Nadell) was the owner of the premises and that he gave Gordon a lease of them for one year. But just prior to this he had told Mrs. Barton, in effect, that he was not the owner. He also says that a few days after he leased to Gordon he sold to one Harry Pearlman. Pearlman is not a party to this suit and nothing has been heard from him in connection with it. Nadell does not say where

he obtained his title, and the last known assignee of the Barton contract is Saul H. Meister who got his interest from one George S. Gies on the same day that Gies received his contract from Mrs. Barton. Further mystery surrounds the proprietorship of this apartment, in that when Mrs. Barton made inquiry of the janitor as to who was the owner, he told her he didn't know, but that defendant Gordon and one Isadore Kowalski were collecting the rents, at one time one of them, and then the other.    He also informed her that both Gordon and Kowalski refused to commit themselves as to the ownership, but did state that they had no relationship with Mrs. Barton.

Under such circumstances, should the order appointing the Union Trust Company as receiver of this apartment house be vacated because the defendant Gordon was beyond the jurisdiction of the court and could not be served with a copy of the order to show cause?    As we have intimated, the interest of Gordon in the subject of this suit is questionable.    He could not have had any greater interest in it than did Simon Nadell.    Nadell does not state the source from which he acquired his interest, and prior to the suit had disclaimed all interest.    On the hearing of the order to show cause, Gordon's counsel, Mr. Shapero, was present and took part in it and filed affidavits concerning his client.    He had as much right to appear generally and protect his client's interest on this hearing as he had to be there at all.    He did not do this, neither did he ask for a continuance, but within ten days thereafter he made a motion to vacate the order appointing a receiver based solely on the ground that Gordon was not served in the first instance.    No attempt was made to go into the merits of the case by defendant Gordon, nor to demonstrate to the court what, if any, injustice had been done him by appointing a receiver, and although he has now been served with

234—Mich.—13.

process in the suit he has not appeared generally.    He has had his day in court.

We do not desire to be understood as favoring the appointment of receivers to dispossess persons of property rights, causing them damage and injury without notice and an opportunity of being heard, but under the record in the instant case no such situation is presented.    That these various persons who acquired an interest in this apartment house for a few weeks or a few days without the investment of any money were intent on collecting the monthly rentals as long as possible to the great injury of the owner and those who had their money invested, and then abandoning the premises, is made most apparent.    The plaintiff made every one defendant it could learn had ever claimed an interest in the property, and served them with process and notice as rapidly as possible, and the principal parties in interest had notice of the hearing for a receiver.    We can imagine no state of facts which would demand a receiver to protect the interests of every one concerned that would be clearer than the demand in the instant case.    Appellant still has opportunity of protecting himself on the merits of the case.

His appeal is without merit, and the order of the circuit judge in appointing a receiver is affirmed, with costs to the plaintiff.

Bird, C. J., and Sharpe, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred.