BETTS v. WAYNE CIRCUIT JUDGE.

TAXATION—LAND CONTRACTS—ACTION TO RECOVER MONEY PAID
SHOULD BE DISMISSED. UNLESS STATUTORY TAX PAID.
A motion to dismiss an action for money paid on a land con-
tract by a minor, who disaffirmed the contract on becoming
of age, should have been granted unless the statutory tax on
the contract imposed by 3 Comp. Laws 1915, §§ 4268–4277,
was paid within a reasonable time, which should have been
fixed by the trial court.

Mandamus by Edward L. Betts to compel Harry
B. Keidan, Wayne circuit judge, to vacate two or-
ders denying motions to dismiss a cause of action.
Submitted April 2, 1929. (Calendar No. 34,177.)
Writ granted June 3, 1929.

*Ralph E. Routier,* for plaintiff.

*Chester J. Morse,* for defendant.

NORTH, C. J.   James W. Paisley, while a minor,
contracted to purchase certain land of Edward L.
Betts, the plaintiff herein.  Paisley paid Betts cer-
tain sums of money on his contract.  Upon becom-
ing of age, Paisley disaffirmed the contract and
brought suit against Betts to recover the money he
had thus paid.  Betts made a motion to dismiss the
suit on the ground that the tax on the contract im-
posed by the statute (3 Comp. Laws 1915, §§ 4268–
4277), had not been paid.  Section 4275 of the stat-
ute provides:

"No mortgage or land contract, which is subject
to the tax imposed by this act shall be released, en-
forced, discharged of record or received in evidence

in any action or proceeding at law or in equity, nor shall any assignment of or agreement extending any such mortgage or land contract be recorded until the tax imposed thereon by this act shall have been paid as in this act provided.''

The motion to dismiss was denied. Plaintiff herein seeks by mandamus to compel the entry of an order dismissing Paisley's suit. The question thus presented is determined by the recent decision in *McDonald* v. *Betts*, 246 Mich. 585, which was handed down by this court since the order herein sought to be vacated was made. Plaintiff was entitled to an order dismissing Paisley's suit unless the latter paid the statutory tax on the contract within a reasonable time, which should have been fixed by the court in such order, and a stay of proceedings should have been granted until payment was made. Unless the circuit judge shall enter the order of his own motion, the writ will issue. Costs in this court may be taxed by the plaintiff against James W. Paisley.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.