DENBY *v.* OZERAN.

1. MORTGAGES—FORECLOSURE—NONPAYMENT OF TAXES NOT WASTE WARRANTING APPOINTMENT OF RECEIVER.
   Nonpayment of taxes, of itself, does not entitle a mortgagee to a receiver pending foreclosure proceedings (3 Comp. Laws 1929, § 14956).

2. VENDOR AND PURCHASER—FORECLOSURE—EJECTMENT—STATUTES.
   3 Comp. Laws 1929, § 14956, relating to ejectment by mortgagee, refers solely to foreclosure of mortgages, and does not apply to foreclosure of land contracts in equity.

3. Mortgages—When Deed and Contract Back Constitute Mort-
    gage.

   When property is deeded to secure amounts due or to become
     due to grantee, and he in turn gives contract back to grantor,
     in legal effect the contract amounts to a mortgage.

4. Vendor   and   Purchaser—Foreclosure—Dispossession   of
    Vendee Pending Foreclosure.

   Dispossession of vendee prior to decree and sale in foreclosure of
     land contract is harsh proceeding, and should not be resorted
     to unless unusual circumstances warrant it.

5. Same—Waste—Receivers.

   Where, in suit to foreclose land contract, there was no showing of
     waste, insufficiency of security and insolvency of vendees, or
     any other circumstances appealing to sound discretion of court,
     appointment of receiver pending foreclosure was not war-
     ranted.

Appeal from Wayne; Richter (Theodore J.),
J. Submitted September 15, 1931. (Calendar
No. 35,873.) Decided October 5, 1931.

Proceedings by Marion Thurber Denby against
Sam Ozeran and another to foreclose a land con-
tract. Defendants appeal from order appointing
receiver. Reversed.

*Denby, Kennedy & Kennedy,* for plaintiff.

*Henry P. Onrich,* for defendants.

Butzel, C. J. Defendants Sam and Rose Ozeran,
vendees, appeal from an order appointing a receiver
in an action in equity brought by Marion Thurber
Denby, plaintiff, for the foreclosure of a land con-
tract in which she is the assignee of the original
vendor, and defendants are the vendees. The con-

tract, dated November 2, 1926, provides for the sale of land and the building containing two stores with flats above, in Detroit, Michigan. Five thousand dollars of the $40,000 purchase price was paid down, the balance being payable at the rate of $275 a month during the first three years, and $300 a month thereafter. Vendees agreed to pay taxes and assessments within 25 days after their due dates. The contract provided for the possession by the vendees, but in the event of their default in the carrying out or performing any of the terms and covenants in the contract, vendor might take immediate possession of the premises and remove the purchasers and each and every occupant therefrom. Shortly after the filing of the bill to foreclose the contract, followed by defendants' answer admitting the defaults, plaintiff moved for the appointment of a receiver on the ground that four monthly payments had not been made and that the 1930 State and county taxes, amounting to $205.21, and in arrears for over four months, had not been paid, and that this constituted waste.

Defendants claim that, inasmuch as plaintiff elected to foreclose the contract in equity, and there being no showing of waste or other unusual circumstances, she is not entitled to the possession of the premises until the vendees' equity of redemption is cut off; that the right to have the receiver appointed pending proceedings to foreclose a land contract is governed by the same rules as prevail in the foreclosure of a mortgage. The nonpayment of taxes of itself does not entitle a mortgagee to a receiver pending foreclosure proceedings. *Wagar* v. *Stone,* 36 Mich. 364. This decision, and those following it, are based upon the ejectment statute adopted in 1843 and re-enacted thereafter, and now appearing

as 3 Comp. Laws 1929, § 14956. The statute, however, refers solely to the foreclosure of mortgages. In *Belding* v. *Meloche,* 113 Mich. 223, we held that the statute did not apply to a suit in equity to foreclose a land contract. To like effect is *W. R. Reynolds & Co.* v. *Gordon,* 234 Mich. 189, although in the latter case other circumstances warranted the appointment of a receiver. When property is deeded to the grantee to secure amounts due or to become due him, and he in turn, as vendor, gives a contract to vendee, in legal effect the contract amounts to a mortgage. *Ferry* v. *Miller,* 164 Mich. 429, 431; *Skupinski* v. *Provident Mortgage Co.,* 244 Mich. 309, 315. In *Lowrie & Robinson Lbr. Co.* v. *Rubin,* 245 Mich. 224, the property had been deeded to the grantee as security and it in turn gave a land contract back to the grantor as vendee. In the opinion of this court, written by Mr. Justice Wiest, it was held that the rights of the plaintiff were no greater than those of a mortgagee. In the instant case, however, the contract was not given as security but was one for the sale of land, and the statutory inhibition, section 14956, *supra,* does not apply.

However, in the present case, there is no showing whatsoever of waste, insufficiency of security and insolvency of vendees, or any other circumstances that might appeal to the sound discretion of a chancellor in appointing a receiver. The plaintiff brought the proceedings in a court of equity, which is governed by equitable principles. Dispossession prior to the decree and sale is a harsh proceeding and should not be resorted to unless unusual circumstances warrant it. There is no showing of such

in the present case, and the order appointing the receiver is set aside, with costs to defendants.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.