SMITH *v.* SHERMAN.

1. MORTGAGES—RECEIVERS—RENTS AND PROFITS—APARTMENT BUILDING.

Denial, without prejudice, of motion for appointment of receiver of rents and profits under mortgage providing therefor is proper where there is merely permissive waste and nonpayment of taxes on apartment building not occupied as a homestead.

2. VENDOR AND PURCHASER—FORECLOSURE—RECEIVERS—EJECTMENT.
Statute forbidding ejectment of mortgagor until foreclosure and expiration of equity of redemption is not applicable in case where land contract vendor's assignee prays for foreclosure and receivership (3 Comp. Laws 1929, § 14956).

3. SAME—RECEIVERS—APPOINTMENT—EQUITY.

Upon application for receiver by land contract vendor's assignee in default under mortgage under which mortgagee also applied for receiver, his appointment to retain possession of apartment building until certain taxes and special assessments long overdue had been paid and until fire insurance premium paid by mortgagee was refunded *held,* proper, the court being bound by the equitable considerations of the case and the rights of a land contract vendee.

4. TAXATION—LAND CONTRACTS—EVIDENCE.

Opportunity to pay tax on land contract will generally be afforded party offering same to render it admissible in evidence (1 Comp. Laws 1929, § 3647).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 10, 1933. (Docket No. 60, Calendar No. 37,399.) Decided December 29, 1933.

Bill by Alice Hadsell Smith against Myrtie B. Sherman, Edward G. Kay, Celeste Sherman Buckley, Ida May Merrill, Max Kwaselow and Irving Katz for foreclosure of a real estate mortgage and appointment of a receiver. Cross-bill by defendant Buckley against defendant Katz for foreclosure of a land contract and appointment of receiver of same property. From order appointing receiver, defendant Katz appeals. Affirmed conditionally.

*Sempliner, Dewey, Stanton & Bushnell,* for plaintiff.

*Samuel H. Rubin* (*Melba Levin-Rubin,* of counsel), for defendant Katz.

BUTZEL, J. Alice Hadsell Smith, plaintiff herein, is the assignee of the mortgagee's interest in a mortgage dated January 27, 1927, and given by Myrtie B. Sherman to the Union Trust Company of Detroit.

The mortgage covers an apartment building and the land upon which it stands in the city of Detroit. Myrtie B. Sherman deeded the mortgaged property to Mary L. Ward who died testate, leaving the real estate in question to Celeste Sherman Buckley, Edward G. Kay and Ida May Merrill.

Prior to the execution of the mortgage, the property had been sold by Myrtie B. Sherman to Max Kwaselow on land contract. In October, 1932, while in default on his payments, Kwaselow assigned his vendee's interest to Irving Katz for a consideration described as $350. The record leads us to believe that the furniture in the building was also included in the deal. Just prior to purchasing Kwaselow's interest, Katz met the attorney representing the estate of Mary L. Ward and offered to purchase the estate's equity for the sum of $1,000, of which $100 was paid immediately as evidence of good faith. Another $100 was to be paid when the sale was approved by the court, "the balance to be secured by a first contract upon said property, to be paid within six months with interest at the rate of six per cent." Katz, in his written offer, also stated that:

"The undersigned agrees to purchase the interest of the present contract holder in and to said property and during said six-months' period to pay not less than 50 per cent. of the unpaid taxes now standing against said building."

A contract of purchase was prepared, substantially embodying the terms of the offer made by Katz, and a probate order was obtained authorizing the executrix to enter into such contract. This contract was never signed. Katz paid the second instalment of $100 called for by the agreement some time later, but, notwithstanding frequent demands, he has

since made no payments whatsoever on the balance of the purchase price, nor has he made payments as assignee of the Kwaselow contract. Large general and special taxes against the property also remain unpaid. On May 17, 1933, Alice Hadsell Smith, assignee of the mortgagee, filed a bill of foreclosure in the Wayne circuit court, in which Myrtie B. Sherman, Celeste Sherman Buckley, Edward G. Kay, Ida May Merrill, Max Kwaselow and Irving Katz were joined as defendants. She stated that Katz was in possession of the premises claiming rights under Max Kwaselow. She alleged that the security was being impaired by permissive waste; that the building was in need of repairs; that defendants had neglected and refused to pay city, State and county taxes for the years 1931 and 1932, and special sidewalk assessments that became due January 6, 1932, and January 6, 1933; and that the premises had been sold for 99 years by reason of the non-payment of city taxes assessed for the year 1931. She further alleged that the premises were not occupied as a homestead; that an apartment building was on the land, and that all or a large portion of the building was rented; that the mortgage provided for the appointment of a receiver and contained an express assignment of the rents and profits. There is no claim that there was an assignment of rents in accordance with Act No. 228, Pub. Acts 1925; 3 Comp. Laws 1929, § 13498 *et seq.*

On May 25, 1933, Myrtie B. Sherman and Celeste Sherman Buckley, the latter both as an individual and as executrix of the Mary L. Ward estate, filed an answer admitting most of the allegations of the bill of complaint and joining with the plaintiff in their request that a receiver be appointed. On May 27, 1933, plaintiff filed a motion for the ap-

pointment of a receiver. The motion was based upon the sworn bill of complaint and upon the joint answer of the mortgagor and another thereto.

On June 10, 1933, Katz filed an answer in which he set forth the fact that he had received an assignment of the vendee's interest in the premises from Kwaselow. Katz further claimed that the premises consisted of a 12-apartment building, only seven of which were rented; that the income therefrom was only $140 per month, all of which was required for the maintenance of the premises; that he was spending more than the income in maintaining the premises; and that he was ready and willing to pay the balance of $800 due for the purchase of the vendor's interest upon payment by the vendors of the mortgage interest due and one-half of the taxes. The section of Katz's offer hereinbefore quoted cannot be interpreted as requiring the estate to pay any part of the taxes. While Katz may be able to furnish other proof at the hearing of this cause, the terms of his offer do not sustain his claim with regard to the taxes. An affidavit by cross-plaintiff's attorney reveals that Katz was fully informed with regard to the delinquent taxes when he initiated the negotiations. The affidavit also asserts that the executrix was unable to pay interest because of the default of Katz's assignor.

Katz also added a cross-bill to his answer in which he asked that the estate be required to perform the alleged agreement to pay one-half of the taxes. No tender of performance whatsoever was made on his part. On June 10, 1933, the trial judge denied the motion for a receiver without prejudice.

On June 19, 1933, Celeste Sherman Buckley filed a cross-bill against Katz, and on June 26, 1933, she filed her answer to Katz's cross-bill. She alleged

therein that Katz had lived on the property since November 1, 1932; that the consideration he paid Kwaselow was less than $350; that he had removed considerable personal property from the premises; and that he had not paid the insurance premiums or any of the taxes and assessments. An affidavit of her attorney attached to the cross-bill corroborated the allegations in the cross-bill. It stated that he had considerable difficulty in collecting the second $100 payment on the contract; that he has never been able to interview Katz or to obtain replies to his letters; that payments could not be made on the mortgage because of the default of Kwaselow; and that Katz absolutely failed to carry out his agreement. The cross-bill repeated the request for a receiver, already made in the answer.

On July 11, 1933, upon a renewal of plaintiff's motion for a receiver, coupled with the consent and request for such appointment by the executrix of the Ward estate, the court appointed a receiver to retain possession until all general taxes for the year 1931 and part two of the special sidewalk assessments were paid and until the fire insurance premium paid by plaintiff was refunded. From this order defendant Katz appeals.

The trial judge properly denied the first motion for a receiver. See *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324. The renewal of the motion for a receiver was made, however, after Celeste Sherman Buckley, executrix of the Ward estate and assignee of the land contract vendor, had expressly asked for the appointment of a receiver in her cross-bill.

Attention was called in the order to the Kwaselow contract and to the offer made to the Ward estate. Upon the application of a land contract vendor for

a foreclosure and a receivership in the case, the court is not limited by the provisions of the statute forbidding the ejectment of mortgagors until fore-' closure and the expiration of the equity of redemption. 3 Comp. Laws 1929, § 14956; *Belding* v. *Meloche,* 113 Mich. 223; *W. R. Reynolds & Co.* v. *Gordon & Co.,* 234 Mich. 189; *Denby* v. *Ozeran,* 255 Mich. 477. When the foreclosure of a land contract is involved, a court of equity will be bound by equitable considerations in determining whether or not a receiver should be appointed. In the case of *Denby* v. *Ozeran, supra,* there were no circumstances whatsoever that appealed to the sound discretion of the chancellor. The taxes were but a few months overdue and there were no other justifications. In the instant case, we find ample justification for the appointment and approve of the trial court's action.

On the oral argument in this court, appellant Katz contended that the appointment of a receiver was invalid on the ground that the mortgage tax was not paid on the land contract in evidence, in accordance with 1 Comp. Laws 1929, § 3647. This question was not raised at all in the court below. Had it been, the court would have refused to consider the contract unless the tax were paid forthwith. Appellant, the party raising the issue, is in a peculiar position, inasmuch as he made the first reference to the contract in his answer and cross-bill. He could have paid the tax. Had he done so, he would have been entitled to credit for that amount in the decree. See *MacDonald* v. *Betts,* 246 Mich. 585. As a rule, a party offering a contract on which the tax is not paid is afforded an opportunity to pay it immediately and thereby render the instrument admissible in evidence. *Betts* v. *Wayne Circuit Judge,* 247 Mich. 119; *Prestage* v. *Hanley,* 259 Mich. 97; *Hen-*

*ning* v. *Levin*, 259 Mich. 250. Under the circumstances, the mortgage tax should be paid immediately.

The order appointing a receiver is affirmed only upon the condition that either the plaintiff or the vendors under the contract pay the mortgage tax within 30 days after this opinion is filed and exhibit the mortgage tax receipt to the trial judge. Appellees will recover costs.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.