## SPRINGETT *v.* BURNS.

1. MANDAMUS—JUDGMENT OF RESTITUTION—COLLATERAL ATTACK.
   In mandamus proceeding to compel circuit court commissioner to issue writ of restitution subsequent to judgment of restitution in summary proceedings, claim that land contract was improperly admitted in evidence upon hearing in the summary proceeding because specific tax thereon had not been paid as provided by statute amounted to a collateral attack

on judgment of restitution (1 Comp. Laws 1929, § 3640 *et seq.*).

2. SAME—QUESTIONS REVIEWABLE—PAYMENT OF SPECIFIC TAX ON LAND CONTRACT—APPEAL FROM JUDGMENT OF RESTITUTION.
    Whether or not admission in evidence of land contract on which specific tax had not been paid was error in summary proceeding to regain possession of property sold under such contract was a matter reviewable only by appeal from judgment of restitution and amounted to collateral attack on such judgment where raised in mandamus proceeding to compel issuance of writ of restitution (1 Comp. Laws 1929, § 3640 *et seq.*).

3. COURTS—CIRCUIT COURT COMMISSIONERS—ENTRY OF JUDGMENT.
    Circuit court commissioner who has entered judgment of restitution and made entry thereof on his docket and signed the docket has no authority to make any alterations in such docket entry either by addition, deletion or change of name or figures.

4. MANDAMUS—DISCRETIONARY WRIT.
    Mandamus is a discretionary writ which should not issue when it would work an injustice.

5. COURTS—CIRCUIT COURT COMMISSIONERS—EQUITY JURISDICTION.
    A circuit court commissioner has no equity jurisdiction in summary proceedings.

6. SAME—CIRCUIT COURT COMMISSIONERS—JUDGMENT IN SUMMARY PROCEEDINGS.
    Circuit court commissioner who enters a judgment of guilty of an unlawful possession in summary proceedings, brought after land contract became in default, has duty to make a finding of the amount purchasers were required to pay to stay the issuance of a writ of restitution and entry of such judgment and finding upon his docket constitutes a valid and subsisting judgment and finding until vacated or set aside by an appellate court or vacated by a court of equity because of fraud.

7. TAXATION—LAND CONTRACTS—WRIT OF RESTITUTION CONDITIONED ON PAYMENT OF TAX.
    Order granting writ of mandamus to compel issuance of writ of restitution to vendors under a land contract upon which specific tax had not been paid is affirmed on condition that tax be paid forthwith (1 Comp. Laws 1929, § 3640 *et seq.*).

8. COSTS—MANDAMUS AGAINST PUBLIC OFFICER.

    No costs are allowed in mandamus proceeding to compel a circuit court commissioner to issue a writ of restitution, he being a public officer.

Appeal from Jackson; Williams (Benjamin), J. Submitted October 18, 1938. (Calendar No. 40,157.) Decided February 2, 1939.

Mandamus by Stephen Springett and Augusta Springett to compel Lawrence H. Burns, circuit court commissioner for the county of Jackson, to issue a writ of restitution. Writ granted. Defendant reviews by appeal in the nature of certiorari. Affirmed conditionally.

*Blackman & Blackman,* for plaintiffs.

*Leslie & Denton,* for defendant.

CHANDLER, J. Petitioners and appellees sought in the circuit court a writ of mandamus requiring the respondent and appellant, a circuit court commissioner in and for the county of Jackson, to issue to them a writ of restitution of certain premises located in the city of Jackson, a judgment having been rendered by respondent finding defendants in said proceedings guilty of holding possession of the premises unlawfully and finding the amount due from defendants as vendees under a certain land contract to be the sum of $262.89. The writ was granted and respondent seeks review in this court by an appeal in the nature of certiorari.

The petitioners are the vendors in said land contract in which Hazel Burris Weadock, executrix of the estate of Jane C. Burris, deceased, Hazel Burris

Weadock, individually, and Clare Burris Lippincott are named as vendees.

The vendees being in default in the payment of principal, interest and taxes, summary proceedings were commenced before respondent to repossess the premises involved by reason of such default.

The summons issued in said cause was returnable December 2, 1937. On that day, it appeared from the return of the officer that defendant Clare Burris Lippincott could not be found, and that service had been made only upon defendant Hazel Burris Weadock, individually, and as executrix. On said date, an affidavit was filed with respondent showing that defendant Clare Burris Lippincott was not a resident of the State of Michigan, and an order was made directing that the appearance of said Clare Burris Lippincott be entered on or before December 27, 1937, to which date the cause was adjourned in order to comply with the statutory requirements relative to publishing of the order. On the date last mentioned, it appeared that the order theretofore issued had been duly published and a copy mailed by registered mail to the last known address of Clare Burris Lippincott. Neither of the defendants appeared, and a plea of not guilty was entered by respondent who proceeded to hear the proof offered by plaintiffs, after which he found defendants guilty of unlawfully withholding possession of the premises from plaintiffs; that the amount due from defendants to complainants in said action was $262.89, and entered a judgment for restitution and for costs taxed at the sum of $6.35. No appeal was taken from this judgment.

On March 26, 1938, the defendants appeared before the commissioner and deposited with him the

sum of $197.99 to redeem the property and stay the writ of restitution, their attorney insisting that there was included in the amount found to be due by respondent the sum of $64.90, representing taxes due but which had not been paid by the vendors. On April 7, 1938, respondent added to his docket in the proceedings, the following "postscript:"

"On this date a hearing was had with Mrs. Thelma Spicer testifying and being questioned first by Mr. Denton. Mr. Blackman was present for the complainant. Mrs. Spicer stated that the summer tax for the year 1937 was unpaid at the time of transfer to the county department and that the amount was $66.26, that the date of transfer was March 15, 1938 and that there had been owing on December 27, 1937, the date of judgment in this case, the amount of $65.62. Both parties waived the right to have the witness testify under oath.

"On March 26, 1938, John Denton, for the defendant had deposited $197.99 with me to redeem the property and stay a writ of execution. He claimed that the defendants were not liable for payment of the taxes inasmuch as the vendors had not paid same. It is my determination that this statement is a correct interpretation of the law and I had previously refused the writ on this ground. The record is corrected accordingly to read that the amount necessary to stay the writ is $197.99 instead of $262.89 as had been previously recorded. This sum excludes the amount of taxes stated to be due which is $64.90."

On April 9, 1938, the petitioners by their attorney demanded of respondent the issuance of a writ of restitution, declining to accept the amount that had been deposited with him by defendants, the same being $64.90 less than the amount found due by respondent at the time of entry of judgment.

Respondent refused to issue the writ and the application for a writ of mandamus followed. In the court below he contended that his finding of the amount due from defendants was erroneous because plaintiffs had not paid the taxes in the sum of $64.90 which were included in the amount found by him to be due at the time of entry of the judgment, and that the sum so found to be due was not part of the judgment and might be corrected by him at any time before the 90-day period for redemption expired. He further contended that the specific tax on the land contract had not been paid, and that said contract was not, therefore, properly in evidence. These were the only questions raised. The trial court found that respondent in the summary proceeding before him had determined that the plaintiffs therein were entitled to a writ of restitution of the premises, that he had made a finding that the amount due on the contract in question was $262.89, that after 90 days, within which under the statute * the defendants had the right to redeem by paying the amount stated, he placed upon his books what he termed a ''postscript'' changing the amount found to be due, and concluded, ''It is my opinion that after the judgment was once docketed that was a final judgment, and if there was anything erroneous in it, the defendants' only remedy was to appeal from that judgment, which they did not do. Taking this view of the situation, the writ should issue.''

Respondent contends:

(1) That he is not collaterally attacking the validity of the judgment of restitution, but is claiming that because the specific tax was not paid upon the land contract there was not a valid finding of the

* See 3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 14988, Stat. Ann. § 27.1999).— REPORTER.

amount due, and that said amount being no part of the judgment, the tender of $197.99 before the expiration of the period of redemption was sufficient to reinstate the contract;

(2) "That the appellant is not now claiming that the judgment entered by him for restitution of the premises is void, but is claiming that under all of the testimony legally admissible the land contract vendees have redeemed from the forfeiture by paying a sum within the statutory period, which, in the absence of any other legal proof, is sufficient payment to reinstate the contract;"

(3) That the issuance of a writ of mandamus by the lower court ordering the respondent to issue a writ of restitution works an injustice upon the defendants in the summary proceeding because they paid the amount due under the contract before the expiration of the period of redemption, there being no valid determination of any other amount due, and that this court has often stated that "mandamus is a discretionary writ and should not issue when it would work an injustice."

We will discuss the points raised in the order stated:

(1) The contention that the contract was improperly admitted in evidence upon hearing in the summary proceeding is a collateral attack upon the judgment entered therein. If the contract was erroneously admitted in evidence by reason of the failure of plaintiffs to pay the specific tax provided by statute, defendants' only remedy was by appeal. See *Security Investment Co.* v. *Meister,* 214 Mich. 337; *Hafner* v. *A. J. Stuart Land Co.,* 246 Mich. 465.

The application for the writ of mandamus was made for the purpose of enforcing the judgment of the commissioner and not for the purpose of enforc-

ing the contract, and at the time respondent endeavored to correct what is termed his ''erroneous findings'' as to the amount due on the contract, not only the time for appeal had expired, but the time for redemption as well. Consequently the vendees are left without a remedy.

(2) When respondent sought to amend his judgment entry by adding thereto the so-called postscript, the time for redemption had expired, but even though such had not been the case, after the judgment had been entered and the entry thereof had been made on his docket and signed by him, he had no authority to make any alterations in such docket entry either by addition, deletion or change of name or figures. *Foster* v. *Alden,* 21 Mich. 507; *Kluck* v. *Murphy,* 115 Mich. 128.

(3) It is true, as contended by respondent, that ''mandamus is a discretionary writ and should not issue when it would work an injustice.'' It is also true that a circuit court commissioner has no equity jurisdiction. *Puziol* v. *Kastle,* 231 Mich. 100. In the instant case, when the commissioner entered a judgment of guilty of unlawful possession, it became his duty to make a finding of the amount that defendants were required to pay to stay the issuance of a writ of restitution, and having entered said judgment and finding upon his docket, it became a valid and subsisting judgment and finding until vacated or set aside by an appellate court or vacated by a court of equity because of fraud.

The order of the trial court is affirmed, on condition that the petitioners shall forthwith pay or cause to be paid to the county treasurer of the county of Jackson the amount of tax imposed on the land contract in question by 1 Comp. Laws 1929, § 3640 *et seq.* (Stat. Ann. § 7.421 *et seq.*), and exhibit to

the trial court the certificate of the county treasurer showing the payment of said tax, or file with the clerk of the circuit court for the county of Jackson such certificate or a receipt showing payment of said tax. See *Smith* v. *Sherman,* 265 Mich. 590. The proceedings being taken against respondent as a public officer, no costs will be allowed.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.