BURTON *v.* MAY.

1. RECEIVERS—BASIS FOR APPOINTMENT—WASTE.

A cross bill under oath affords a competent basis for determination of such party's petition for appointment of a receiver, in suit wherein defendants sought foreclosure of land contract on income property of which plaintiffs sought reformation, where cross bill alleges default in contract payment, nonpayment of taxes, failure to make necessary repairs, use of property for illegal and immoral purposes, for which padlock proceedings were threatened, and maintenance of a public nuisance on the premises, all of which are alleged to result in impairment of security and to constitute waste (Court Rule No. 23, § 7 [1933]).

2. APPEAL AND ERROR—APPOINTMENT OF RECEIVER—DISCRETION OF COURT.

An order appointing a receiver should not be vacated unless it clearly appears the circuit judge was guilty of an abuse of discretion.

3. RECEIVERS—APPOINTMENT—DISCRETION OF COURT—CROSS BILL UNDER OATH.

    Order appointing receiver in suit wherein plaintiff sought reformation of land contract of income property and defendants the foreclosure thereof *held,* not an abuse of discretion where cross bill, containing allegations sustaining defendants' claim of impairment of security and commission of waste, was under oath and no oral testimony or countershowing under oath was made (Court Rule No. 23, § 7 [1933]).

    SHARPE, C. J., dissenting.

Appeal from Wayne; Stein (Christopher E.), J., presiding. Submitted March 25, 1941. (Calendar No. 41,534.) Decided May 21, 1941. Rehearing denied June 30, 1941.

Bill by William M. and Doreatha Burton against Alfred A. and Sylvia S. May to have a land contract declared a mortgage and for reformation thereof. Cross bill by defendants seeking foreclosure and appointment of receiver. From an order appointing a receiver, plaintiffs appeal. Affirmed.

*Maurice D. Smilay (S. Reymont Paul,* of counsel), for plaintiffs.

*Alfred A. May, in pro per. (Herbert J. Pevos,* of counsel), for defendants.

NORTH, J. This is an appeal from an order of the circuit judge appointing a receiver pending suit.

Plaintiffs filed a bill in chancery seeking correction or reformation of the terms of a land contract in which they are vendees and also that the contract be held to be a mortgage. Defendants, vendors in the contract, answered, denied plaintiffs' right to the relief sought, and filed a cross bill asking foreclosure of the land contract and appointment of a

receiver. After the cause was at issue, the circuit judge, on defendants' petition, appointed a receiver, and this appeal followed. Appellants claim that such appointment of a receiver, under the circumstances of the case, was in violation of law and that in making the order of appointment the circuit judge was guilty of an abuse of discretion.

Defendants' cross bill containing the allegations hereinafter noted was under oath. Plaintiffs answered the cross bill, but their answer was not under oath. While on the hearing of defendants' petition for receiver no sworn testimony was taken, still statements of facts were made by attorneys and the parties were heard at length on the record before the court. Defendants' cross bill under oath afforded a competent basis for determination of defendants' petition. Court Rule No. 23, § 7 (1933).

In their cross bill defendants allege default by plaintiffs in payment of money due defendants as vendors in the land contract, and, under the acceleration provision of the contract, defendants elected to declare the full contract price of $16,609.30 due. Further, defendants allege nonpayment by plaintiffs of taxes, failure to make necessary repairs, use of the property for illegal and immoral purposes, in consequence of which padlock proceedings were threatened, and maintenance of a public nuisance on the premises; all of which defendants allege resulted in impairment of their security and constituted waste. Further, that the property is subject to a prior mortgage lien and defendants require payment of contract instalments to meet the mortgage payments and prevent foreclosure; and defendants allege "all these facts were understood by plaintiffs" when they entered into the contract.

It also appears from this record that the property covered by the land contract is income property

producing substantially $1,100 per month. And it may be further noted that plaintiffs as contract vendees are entitled to possession under their contract only while not in default.

The order appointing the receiver should not be vacated unless it clearly appears the circuit judge was guilty of an abuse of discretion. See *Rolfe* v. *Burnham*, 110 Mich. 660, 664, in which we said: "We cannot interfere with the action of the court [appointing a receiver] unless there has been a clear abuse of discretion."

The allegations of defendants' sworn cross bill were not met in court either by oral testimony or a countershowing of any kind under oath. On such a record we should not and do not hold that the order appointing the receiver was in violation of law or that it exceeded the bounds of discretion vested in the trial judge.

The order entered in the circuit court is affirmed, with costs to appellees.

BUSHNELL, BOYLES, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred with NORTH, J.

SHARPE, C. J. (*dissenting*). Plaintiffs William M. Burton and Doreatha Burton, his wife, appeal from an order appointing a receiver.

On April 24, 1939, plaintiffs entered into an agreement with Abraham J. Black and others for the purchase of a piece of property in the city of Detroit. Subsequently, plaintiffs and defendants entered into an agreement regarding the financing of this purchase. On September 30, 1940, title to the property was vested in defendants by warranty deed from Black and others. This deed recited a consideration of $13,000. On November 12, 1940, defendants executed a land contract to plaintiffs calling for a down

payment of $500 and an additional sum of $16,600. The contract provided that plaintiffs as purchasers were to make monthly payments, beginning December 12, 1940, of $338 for 10 months, an $838 payment on May 12 and November 12, 1941, a $238 payment on December 12, 1941, a $247 payment on January 12, 1941, and $138 monthly thereafter, as well as the assumption by purchaser of a certain mechanic's lien dated May 28, 1940.

On December 12, 1940, plaintiffs filed a bill of complaint for the purpose of having the land contract above mentioned declared a mortgage and for reformation to provide for payments in accordance with a certain agreement made between plaintiffs and defendants wherein it was agreed that the monthly payments were to be an amount less than that provided in the land contract. Defendants filed an answer and cross bill of complaint for foreclosure of the land contract and a petition for the appointment of à receiver. The cross bill and petition for appointment of receiver allege that the State and county taxes for the year 1940 are unpaid; . that there has been a default in the payment due under the land contract; that plaintiffs are committing waste on the property; and that the property is being used for illegal and immoral purposes. An oral hearing was had upon the petition asking for the appointment of a receiver. At this hearing no testimony was offered by either of the contesting parties and at its conclusion the trial court ordered the appointment of a receiver. Plaintiffs appeal.

The question involved in this case may be stated as follows: Was there an abuse of discretion upon the part of the trial court in appointing a receiver?

In *Denby* v. *Ozeran,* 255 Mich. 477, a case involving the foreclosure of a land contract, the trial court appointed a receiver pending determination of the issues. A showing was made that four monthly

payments had not been made; and that the State and county taxes for one year had not been paid. In reversing the order of the trial court, we said:

"However, in the present case, there is no showing whatsoever of waste, insufficiency of security and insolvency of vendees, or any other circumstances that might appeal to the sound discretion of a chancellor in appointing a receiver. The plaintiff brought the proceedings in a court of equity, which is governed by equitable principles. Dispossession prior to the decree and sale is a harsh proceeding and should not be resorted to unless unusual circumstances warrant it. There is no showing of such in the present case, and the order appointing the receiver is set aside, with costs to defendants."

In the case at bar, no testimony having been offered at the hearing, our review must be confined to the pleadings. The allegations in defendants' cross bill that waste is being committed and that a portion of the property is being used for illegal and immoral purposes are denied by plaintiffs' answer to the cross bill. Without the aid of testimony it is impossible to determine the true facts in the case or to build a foundation upon which the appointment of a receiver may stand. It is also claimed by defendants that plaintiffs failed to pay taxes when due, but, even if true, this fact standing alone is not proof of waste.

In our opinion there was an abuse of discretion in the appointment of a receiver and the order making such appointment should be reversed. The cause should be remanded to the trial court for a determination of the issues raised by the pleadings. Plaintiffs should recover costs.