## CHARLES F. JACOBSEN, APPELLANT, *v.* CHARLES BRADLEY, RESPONDENT.

*Usurious contract — the usurious elements of the contract cannot be eliminated and the balance thereof be thus rendered valid.*

The parties to this action entered into a written agreement, whereby the defendant agreed to advance to the plaintiff $2,500, and the plaintiff agreed to give to the defendant two notes, one for $2,500 and the other for $1,250, payable ninety days from date, with certain collaterals, which agreement was subsequently executed. Subsequently the parties were advised by counsel that the transaction was usurious, and, with a view to entering into a valid engagement, the parties executed four papers; the first reciting that the plaintiff was indebted in the sum of $2,000 to the defendant, that he desired to secure the payment of the same and assigned certain stocks for that purpose; the second, a chattel mortgage given to secure the payment of an indebtedness of $2,000; the third, a confession of judgment for $2,000, in which the facts upon which the debt arose were set forth as follows: "In July and August, 1884, I borrowed of the plaintiff two thousand five hundred dollars in cash, and gave plaintiff my note for two thousand five hundred dollars, dated July 21, 1884, to his order at ninety days, payable at the People's Bank. I have paid only five hundred dollars on account of said note, and there is now justly due and owing to said plaintiff on said note the sum of two thousand dollars, with interest thereon from October 23, 1884." The fourth was an affidavit of the plaintiff that he was justly and duly indebted to the plaintiff in the sum of $2,000, evidenced by a certain promissory note dated July 21, 1884

The first agreement and the old securities, which had been given at the time of the execution of the two notes first above mentioned, were neither actually destroyed or canceled, but remained in the hands of the attorney of the defendant.

*Held,* that the proof conclusively showed that the note of $2,500 was never intended to be surrendered, as upon it was based the confession of judgment and the affidavit as to the amount due upon it.

That as this note of $2,500 was usurious in its inception there was no possible way in which it could be made good.

That although the original usurious contract was mutually abandoned, yet no surrender of the securities received under the old agreement having been made in such wise that they could never be made the foundation of an action, that the contract of the parties was not relieved of its usurious character, that it was not possible to eliminate from the original contract the usurious portion of the transaction and leave the balance thereof legal and binding upon the parties.

APPEAL from judgment, entered at Special Term, dismissing the plaintiff's complaint.

*Edward P. Wilder*, for the appellant.

*John H. Cole*, for the respondent.

VAN BRUNT, P. J.:

There does not seem to be any dispute as to the law in this case, both parties referring to the same authorities, which appear to establish a well defined and clear principle. The controversy arises, however, in the application of these principles to the facts established beyond controversy in the case at bar. Those facts appear to be as follows: On the 21st of July, 1884, the plaintiff and defendant entered into a written agreement, whereby the defendant agreed to advance to the plaintiff $2,500 prior to the first of September following, and the plaintiff agreed to give to the defendant two notes, one for $2,500 and the other for $1,250, payable ninety days from date, and as security for the payment of these notes the plaintiff gave the plaintiff assignments and a mortgage upon personal property ; that, pursuant to this agreement, the defendant loaned the $2,500 and the plaintiff gave the two notes and securities mentioned in the agreement; that when said notes became due the plaintiff was unable to pay them in full, and the defendant pressing the plaintiff for payment, $500 was paid. Subsequently the defendant, having consulted his attorney, was informed that the arrangement made in July, 1884, was usurious and void, and thereafter in January, 1885, for the purpose of purging said agreement of usury, the plaintiff consented that a new arrangement should be made, in which the loan actually made should be extended, and for that purpose the defendant took the agreement of July 21, 1884, and all the papers connected therewith, and with the plaintiff went to his attorney's office for the purpose of observing such formalities as in his professional judgment should be proper, and then and there the defendant delivered the old agreement and papers to Zabriskie, and the plaintiff said he would do whatever the defendant's attorney thought was necessary to straighten the matter out.

The learned justice who tried the cause has found, that, thereupon, the defendant's attorney advised them that the old ageement and securities should be given up, and a new agreement made for the amount advanced and remaining unpaid with new and different

securities, to which the plaintiff assented and agreed to come the following day and sign the papers. Upon the following day the plaintiff and defendant attended at the attorney's office and executed four papers. The first, after reciting that the plaintiff is indebted in the sum of $2,000 to the defendant, and that he is desirous of securing the payment of said sum, as collateral security to the said indebtedness, assigns to the defendant the plaintiff's interest in certain stock of certain companies. The second paper was a chattel mortgage to secure the payment of an indebtedness of $2,000. The third was a confession of judgment for $2,000, the facts upon which the debt arose being stated in said confession, to be as follows : " In July and August, 1884, I borrowed of the plaintiff two thousand five hundred dollars in cash, and gave plaintiff my note for two thousand five hundred dollars, dated July 21, 1884, to his order at ninety days, payable at the People's Bank. I have paid only five hundred dollars on account of said note, and there is now justly due and owing to said plaintiff on said note, the sum of two thousand dollars with interest thereon from October 23, 1884." The fourth paper was an affidavit of the plaintiff herein, that he was justly and truly indebted to the defendant in the sum of $2,000, evidenced by a certain promissory note dated July 21, 1884, with interest thereon from the 23d day of October, 1884, and that he had no offset or defense to the same. The first agreement and the old securities were neither actually destroyed or canceled, but remained in the hands of the attorney of the defendant.

The learned justice below found the agreement to abandon the old agreements ; the meeting for the purpose ; the delivery of the old agreement and securities to the attorney who drew the new papers, and that it was the understanding that the old papers were to be canceled, but that the actual physical delivery of the same was waived by the plaintiff. If the evidence supported the conclusion that the old agreement and all the securities given thereunder were delivered to the defendant's attorney for the purpose of surrender upon the execution of the new papers, and that the plaintiff allowed them to remain in the attorney's hands because he thought them of no value, and did not care to take them away, then, we think, that the transaction resulted in a new obligation freed from the taint of usury. But the proof shows conclusively that the note of $2,500 was never

intended to be surrendered, as, upon it, is based the confession of judgment, and the affidavit as to the amount due upon it, and that there were no defenses to it. These papers show that the parties were under the supposition that if they struck out of the original transaction that part which was tainted with usury, that the balance would be legal. It is evident that the attention of the court below was not called to this feature resulting from the facts found, and that attention was only directed to the claim that because the old agreement and the securities had remained in the defendant's attorney's hands, there having been no actual physical surrender or cancelation, the requirements of the law were not fulfilled. This note of $2,500 was usurious in its inception and there is no possible way in which it could be made good. In *Miller* v. *Hull* (4 Denio, 104), the court distinctly lays down the rule which has been followed in all subsequent cases upon this point as follows: " There is no possible mode in which an usurious security can be made good. The vice as to such security, is incurable. But the parties to an usurious transaction may, doubtless, reform it, and by canceling the usurious security and giving a new obligation for the real sum which ought to be paid, excluding all usury, the party will be bound. (Citing cases.) Nothing like this was pretended in the present case; the judge charged the jury that if the mortgage was usurious at first and the parties afterwards met and reformed it and took out the usury, it became valid, and the plaintiff could recover upon it. This cannot be sustained in point of law." That case was one of a usurious mortgage and the parties endeavored to expunge the usury by crediting therein an amount equal to the sum included in it for usury.

In *Sheldon* v. *Haxtun* (91 N. Y. 132), the court say that " if the usurious contract be mutually abandoned by the parties, and the securities be canceled or destroyed, so that they can never be made the foundation of an action, and the borrower subsequently makes a contract to pay the amount actually received by him, this last contract will not be tainted by the original usury and can be enforced," and cites several cases in support of the principle announced.

Applying these rules to the facts of the case at bar, we find that the original usurious contract was mutually abandoned, but that the other condition stated above, which is necessary to make legal the new contract, viz., the surrender of the securities received under

the old agreement, so that they could never be made the foundation of an action, was not fulfilled. The parties deliberately attempt to put the $2,500 note, one of the securities received under the confessedly usurious agreement, in such a position that legal proceedings for the collection of the $2,000 upon it could be maintaind. A judgment is confessed upon it, to be used if the amount due upon it was not paid in the stipulated time, and an affidavit that there was $2,000 due upon the note, and that there was no defence to it, is taken evidently for the purpose of protecting the confession, if attacked, both of which procedures are utterly irreconcilable with the idea that either party supposed that this note was canceled or destroyed, as an obligation by the new contract. As has been before suggested, they evidently supposed the rule to be that if the usurious part of the transaction was eliminated, that the balance would become legal. In this they were mistaken, as the law requires the abrogation of each and every part of the old transaction and the giving of new obligations, for the real sum which ought to be paid, there is no such thing as purging a transaction of usury. although that expression is used in the cases cited, as examination shows that these cases proceed upon the principle that because there is a moral obligation to pay the sum actually loaned, after the original transaction has been abandoned by the parties and actually ended and destroyed, and all claims under it terminated, such moral obligation will furnish a valid consideration for a promise to pay the money actually loaned.

We think, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide event.

BARTLETT and MACOMBER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.