### CARR v. TAYLOR.

(Supreme Court, Appellate Term. February 23, 1900.)

1. USURY.

A receipt, executed at the time of the delivery of a note given for a loan, showing that the maker gave and the payee received a sum for the use of the money in excess of the legal rate of interest, renders the entire transaction usurious and void.

2. SAME—PURGING CONTRACT.

A usurious security can only be made good by canceling it, and giving a new obligation for the sum that ought to be paid, excluding all usury.

Appeal from municipal court, borough of Manhattan.

Action by Kate Carr against Georgiana Taylor. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Ryan & Richards, for appellant.
Mansfield Compton, for respondent.

GIEGERICH, J. The action is to recover $86.50,—a balance claimed to be due upon a promissory note made by the defendant to the plaintiff for $300, payable in one year from the date thereof, viz. February 1, 1897. The answer set up the defenses of usury and an accord and satisfaction. It appears from the evidence adduced upon the trial that, when the note in suit was given, the plaintiff was receiving from the defendant, at her establishment, instruction in the art of dressmaking, pursuant to an agreement in writing, by the

62 N.Y.S.—54

terms of which the defendant agreed to employ the plaintiff, after
the first three months' tuition, at a stipulated salary. The plain-
tiff claims that the sum for which the note was given was deliv-
ered to the defendant to secure the faithful performance of the con-
ditions of the said contract on her (plaintiff's) part; but her tes-
timony in this respect is contradicted by that of the defendant,
who testified that said sum was loaned to her upon condition that
she would pay plaintiff $27.65 for the use thereof for one year, and
that a credit for said last-mentioned sum was then allowed the lat-
ter upon a "fifty-five dollars course of lessens in the Taylor system
of dressmaking." While the plaintiff denied the making of such
usurious agreement, the following receipt signed and delivered by
her to the defendant at the time of the delivery of the note in con-
troversy shows conclusively that she is mistaken in her version of
the transaction:

"New York, Feb. 1st/97.

"In consideration of Miss Carr loaning to Mrs. Taylor the sum of three
hundred ($300 $^{00}/_{100}$) dollars, Mrs. G. Taylor gives Miss Kate Carr $27.65 as
a bonus or interest for the use of said $300 $^{00}/_{100}$ for one year from date;
said $300 secured by G. Taylor's note given Miss Carr, Feb. 1st, 1897, for one
year.                                                   [Signed] Kate Carr."

This writing clearly evinces the intention of the parties to pay,
on the one hand, and to receive, on the other, interest in excess of
the legal rate. The entire transaction is thus tainted with usury,
and hence the note in question is void. 1 Rev. St. c. 4, tit. 3, §§
2–5 (2 Rev. St. [Banks' Bros. 9th Ed.] pp. 1854, 1855). While it is
true that a usurious contract may be purged by the subsequent acts
of the parties so as to become valid and enforceable (27 Am. & Eng.
Enc. Law, 964), yet the proof, to my mind, does not afford any
ground whatever for such a finding. Certainly no such effect can
be properly claimed for the agreement contained in the following
writing:

"New York City, May. 27, 1897.

"Agreement made between G. Taylor and Kate Carr in view of a certain
contract made between G. Taylor and Kate Carr on Feb. 1st, 1897, and in
satisfaction, this Mrs. G. Taylor agrees to employ another dressmaker in the
place of the present one, who is not satisfactory to Miss Carr, to instruct Miss
Carr in the art of dressmaking until Miss Carr wishes to take a position at a
salary, or goes in business for herself. Mrs. G. Taylor agrees to advance Miss
Carr $3.00 weekly while she (Miss Carr) is taking her dressmaking lessons;
said amount to be returned to Mrs. G. Taylor on or about Feb. 1st, 1898.
         "[Signed]                              Mrs. G. Taylor.
         "[Signed]                              Katie Carr.
"Witness:   [Signed]   G. Colon."

It is well settled that a usurious security can only be made good
by canceling it, and the giving of a new obligation for the real sum
which ought to be paid, excluding all usury. Miller v. Hull, 4
Denio, 104; Jacobsen v. Bradley, 49 Hun, 152, 1 N. Y. Supp. 676.
It is not even pretended that anything of the kind took place in the
case at bar, and the very fact that the plaintiff retained possession
of the note, and brought suit thereon, precludes the idea that it was
regarded by either party as canceled or destroyed as an obligation
by the agreement last above set forth. In this view, it is unneces-

sary to pass upon the question whether such contract constitutes, as claimed, an accord and satisfaction.

The judgment should therefore be affirmed, with costs. All concur.