MACDONALD *v.* BETTS.

1. TAXATION—SUIT PROPERLY DISMISSED WHERE TAX ON LAND CONTRACT NOT PAID.

A suit by the vendees for the rescission of a land contract, a copy of which was attached to the bill, was properly dismissed where the attention of the court was called to the fact that the tax required by 1 Comp. Laws 1915, § 4268 *et seq.* had not been paid, and a certificate showing payment was not filed after opportunity to do so had been given.

2. SAME—OBLIGATION TO PAY TAX RESTS ON VENDOR.

The obligation to pay the tax on a land contract imposed by the statute rests on the vendor, and should the vendee be required to pay, in order to maintain a suit thereon, he would have a right of recovery therefor against the vendor.

3. SAME—COSTS—DECREE SHOULD PROVIDE FOR REPAYMENT TO VENDEE OF TAX PAID BY HIM.

Where the vendee is compelled to pay the tax on a land contract imposed by the statute in order to maintain a suit thereon, the court, under 3 Comp. Laws 1915, § 13687, might well provide in the decree that the tax so paid by the vendee be repaid to him by the vendor.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 4, 1929. (Docket No. 49, Calendar No. 34,242.) Decided April 17, 1929.

Bill by Alexander Macdonald and another against Edward L. Betts to rescind a land contract. From an order dismissing the bill, plaintiffs appeal. Affirmed.

*Chester J. Morse,* for plaintiffs.

*Ralph E. Routier,* for defendant.

SHARPE, J. Plaintiffs' bill of complaint seeks rescission of a contract entered into with defendant for the purchase by them of an undivided interest in certain land in Wayne county. A copy of the contract was annexed to the bill. Defendant in his answer admitted that the contract "was entered into by him with the said plaintiffs." Some time thereafter defendant moved to dismiss the suit for the reason that there was not attached to the contract a certificate of the county treasurer showing the payment of the tax, required by 1 Comp. Laws 1915, § 4268 *et seq.* An order was entered that plaintiffs file with the clerk of the court a copy of the certificate of the treasurer within 15 days or the suit should stand dismissed. Plaintiffs appeal therefrom.

Section 4275 reads, in part, as follows:

"No mortgage or land contract, which is subject to the tax imposed by this act shall be released, enforced, discharged of record or received in evidence in any action or proceeding at law or in equity, nor shall any assignment of or agreement extending any such mortgage or land contract be recorded until the tax imposed thereon by this act shall have been paid as in this act provided."

This law in no way affects the legal rights of the parties to such a contract. Its purpose is to secure to the State and counties the revenue derived from a tax on the amount unpaid on such instruments, and the provision above quoted was enacted to compel payment by either of the parties thereto who seeks release or discharge on the record or enforcement in a court proceeding, or who, to enforce a right, is required to offer the contract in evidence. In view of the purpose as stated, and of the fact that

nonpayment in no way affects the legal rights of the parties, it is the duty of the court to protect the State and counties by requiring such payment when its attention is called to the fact that it has not been made, either by one of the parties or by its own observation in the course of the proceeding.

A copy of the contract in question was annexed to the bill of complaint. The plaintiffs thereby tendered it as evidence to support the allegation in the bill. The admission of its execution by defendant in his answer in no way relieved the plaintiffs of the duty imposed on them by the statute to pay the tax when they thus sought to have it considered and treated as evidence by the court in disposing of the matter in litigation.

In *Rodenhouse* v. *De Golia,* 198 Mich. 402, 408, it was said:

"It is clear that the purpose of the section referred to, being a tax measure, is to compel the payment of the tax imposed."

While this court has declined to dismiss cases when the tax was not paid at the commencement of the proceeding, but was paid during its pendency, we can see no reason why the court should not compel payment as a condition precedent to further action when the fact of nonpayment has been called to its attention by motion or otherwise. In fact, we feel impelled to say that it was his duty to do so. *Nelson* v. *Breitenwischer,* 194 Mich. 30.

It is urged that under the statute the tax should have been paid by the defendant, the vendor in the contract, and that "he should not be allowed to profit by his failure to perform that duty." Section 4268 imposes the tax upon "executory contracts for the sale of real property." Such contracts are

treated in law as a security for the balance unpaid thereon. In *Nelson* v. *Breitenwischer, supra,* it was said:

"While the plaintiff's assignor retained the legal title to the property, he passed the equitable title by giving the contract, and there is no escape from the conclusion that the contract itself created a lien upon the property which, in our opinion, brings it for taxation purposes squarely within the provisions of the act in question."

The real estate would thereafter be assessed to the vendee. If he be required to also pay the tax upon the contract, double taxation would result. The obligation to pay rests upon the vendor. Should the vendee be required to pay, as he here must do, to maintain his action, it seems clear that he would have a right of recovery therefor against his vendor. The payment is a necessary incident to the bringing of the suit and preparing for the trial thereof. 3 Comp. Laws 1915, § 13687, dealing with costs, provides:

"In all other cases where no special provision shall be made by law, the costs of all suits and proceedings in chancery, shall be paid by such party as the court shall direct."

Under this statute, the court might well provide in the decree that the tax paid by the vendee should be repaid to him by the vendor.

The decree is affirmed, with costs to appellee.

North, C. J., and Fead, Fellows, Wiest, Clark, McDonald, and Potter, JJ., concurred.