## PANASEWICH v. PANASEWICH.

1. DIVORCE—CUSTODY OF CHILDREN.
   Where record shows that wife is not proper person to have custody of children, divorce decree awarding their custody to her is reversed, on appeal, and custody awarded to husband.

2. SAME—DIVISION OF PROPERTY.
   Where divorce decree awarding custody of minor children to wife is reversed, on appeal, and custody awarded to husband, allowance to him, on division of their property which is in wife's name, is increased accordingly.

Appeal from Wayne; McMahon (Maurice H.), J. Submitted October 7, 1931. (Docket No. 33, Calendar No. 35,825.) Decided December 8, 1931.

Bill by Stephen Panasewich against Mary Panasewich for divorce. From decree rendered, plaintiff appeals. Reversed.

*John J. Adamski,* for plaintiff.

SHARPE, J. Plaintiff and defendant were married in Poland in 1904. They have lived in Detroit since 1915, apparently quite happily together until the advent into their home of one Philip Boltek as a roomer in October, 1926. The evidence clearly establishes that the defendant committed adultery with him, and, on plaintiff's discovering them in the act, he was assaulted by them and forced to leave his home, to which he has not since been permitted to return. They have three children under the age of 16, Annie, aged 14, George 8, and William 5.

In his bill for divorce filed herein, plaintiff alleged extreme cruelty and infidelity on the part of the defendant. She filed answer, denying these allegations, and made similar charges on the part of the plaintiff. Plaintiff was granted a decree of divorce, in which defendant was given the custody of the children. From this provision therein and that appertaining to their property interests, hereafter referred to, he seeks review by appeal.

Edward Pokorny, friend of the court, made a very careful investigation of the case. His report concluded as follows:

"It appears from the investigation that the defendant wife is not a proper person to have custody of the minor children of these parties. It further appears that the home in which the children are now residing is not a suitable one.

"It is, therefore, recommended that the minor children of these parties be placed in the home of the oldest son, Nicholas, and the custody of said minor children be awarded to plaintiff until such time as the defendant can prove that she is a suitable person to have custody of these children and can provide a proper home for them."

He also reported that the home of the plaintiff's son, in which he was then living, "would be a proper and suitable one for the upbringing of these children." It is apparent that the defendant, their mother, is not a suitable person to be intrusted with their custody, and that they are not properly cared for by her.

A decree may be here entered awarding their custody to the plaintiff, subject, however, to modification by the trial court, should the defendant be hereafter able to satisfy the court that she can and will properly care for them.

The plaintiff was employed by the Ford Motor Company for eight years prior to their separation. He is now partially blind and able to earn but little, if anything. His earnings were in most part turned over to the defendant, and with them and certain moneys received by her in taking in boarders and roomers she made investments, usually in her own name, so that she now owns property, or has money, of the value of over $15,000, and he has none. The court in its decree awarded the plaintiff a one-half interest in the premises in her name, known as 2748 Dearing street, in Detroit, which, over and above the mortgage thereon, is worth about $4,500. As the plaintiff is now awarded the custody of the children and must support them, this allowance to him should be much increased. The decree may provide for her conveyance to him of this property, and that she pay to him the further sum of $2,000, for which he may have execution and a lien upon any of the other property owned by her, described in the bill of complaint, together with the costs in this and the circuit court.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, North, and Fead, JJ., concurred.