HENNING *v.* LEVIN.

1. VENDOR AND PURCHASER—FORECLOSURE—RIGHTS OF VENDOR AGAINST VENDEE'S PURCHASER.

   On foreclosure of land contract, vendor's rights, if any, against contract purchaser from vendee depended on terms of contract between vendee and his purchaser.

2. TAXATION—LAND CONTRACTS—EVIDENCE—RIGHT TO PAY TAX.

   Land contract, being in court, any party to suit needing evidence it furnished could have paid tax thereon (1 Comp. Laws 1929, § 3647).

3. SAME—STATUTE IMPERATIVE.

   Statute providing that land contract shall not be received in evidence until tax thereon is paid is imperative (1 Comp. Laws 1929, § 3647).

4. SAME—CONTENTS OF CONTRACT MAY NOT BE SHOWN WHERE TAX NOT PAID.

   Contents of land contract, excluded because tax has not been paid, may not be shown by letter, testimony, or pleading (1 Comp. Laws 1929, § 3647).

5. VENDOR AND PURCHASER—ASSUMPTION OF CONTRACT OBLIGATION BY VENDEE'S PURCHASER.

   There is no analogy between acceptance of deed subject to mortgage which grantee assumes and agrees to pay and land contract executed by vendee on sale by him to purchaser, with right of purchaser to pay instalments due on his vendor's contract; such leave to pay not being assumption of prior contract nor equitable assignment thereof with promise to pay same.

6. SAME—FORECLOSURE—DEFICIENCY DECREE.

   On foreclosure of land contract, vendor was not entitled to deficiency decree against vendee's contract purchaser in absence of proof that latter assumed prior contract or agreed to pay it.

Appeal from Wayne; Martin (William H.), J., presiding. Submitted April 15, 1932. (Docket No. 132, Calendar No. 36,460.) Decided June 6, 1932.

Bill by Florence Henning against Nathan Levin and others to foreclose a land contract. Decree for plaintiff. Defendants Herndon appeal. Reversed as to defendants Herndon.

*Ralph E. Routier*, for plaintiff.

*Harris W. Wienner*, for defendants Herndon.

WIEST, J. Plaintiff sold a parcel of real estate on land contract to defendant Nathan Levin. Levin then sold the same premises on land contract at a higher price to defendant Robert Herndon. Herndon, claiming right to do so under the terms of his contract with Levin, made some payments to plaintiff on the Levin contract. Plaintiff filed the bill herein to foreclose the contract she had with Levin, elected to have the whole contract price under an acceleration provision, and asked, and was granted, a decree against Herndon for any deficiency upon sale. Defendant Herndon offered his contract in evidence to show there was no assumption of liability, but, upon objection by plaintiff that the tax thereon, imposed by 1 Comp. Laws 1929, § 3647, had not been paid, it was excluded.

Plaintiff's rights, if any, against Herndon depended upon the terms of the contract between Levin and Herndon. That contract was in court, and the tax thereon could have been paid by any party to the suit needing the evidence it furnished.

Plaintiff relied upon a letter from Herndon, purporting to state provisions contained in his contract with Levin, and the court evidently considered such

letter as evidence of contract rights and obligations on the part of Herndon. The excluded contract was evidence essential to plaintiff's case. If the Herndon contract had been set forth in plaintiff's bill and admitted by Herndon's answer, the court could not have considered it. *Macdonald* v. *Betts,* 246 Mich. 585.

The mentioned statute is imperative that:

"No mortgage or land contract, which is subject to the tax imposed by this act shall be released, enforced, discharged of record or received in evidence in any action or proceeding at law or in equity, nor shall any assignment of or agreement extending any such mortgage or land contract be recorded until the tax imposed thereon by this act shall have been paid as in this act provided."

The letter relied on by plaintiff, even if considered competent evidence of the contract, does not establish an assumption of liability on the part of Herndon to pay plaintiff on the Levin contract. We quote the letter:

"We are purchasing from Nathan Levin and Yetta Levin, his wife, this property and owe them a balance of $20,000, less this payment. This $800 is to be applied $419.75 interest and $380.25 principal.

"Under my contract with Nathan and Yetta Levin I have the right to pay directly to you $800, including interest at the rate of six per cent. every six months until the first contract of $16,000, between you and the Levins is absorbed.

"Hereafter we shall mail directly to you these payments and when the $16,000 has been paid we will expect you to accept an assignment of the Levins' contract.

"Following is an excerpt from the contract we have with the Levins. 'Eight hundred dollars in semi-annual payments, including interest, same to

be credited on a certain land contract existing between Florence Henning and Nathan and Yetta Levin, and the difference of $4,000, being the equity of Nathan and Yetta Levin, payable at the rate of $500 every six months and interest at the rate of six per cent. per annum. Vendors consent to permit vendees to pay direct to deedholder the payment of $800 including interest every six months until the first contract of $16,000 between deedholder and said Nathan and Yetta Levin is absorbed.' "

There is no analogy between acceptance of a deed subject to a mortgage which the grantee assumes and agrees to pay and a land contract, executed by a vendee upon sale by him to a purchaser, with right of the purchaser to pay the instalments due on his vendor's contract. Such leave to pay is not an assumption of the prior contract, and, upon no principle of equity, can it be adjudged an equitable assignment of the prior contract with promise to pay the same. If plaintiff desired to hold defendant to respond for a deficiency, it was important to evidence such liability by contract. The statute barred the contract, and, with the contract out of the case, plaintiff made no case against defendant for a deficiency decree. If the contract itself could not be considered evidence, without payment of the tax, its contents could not be shown by testimony or by the letter written by defendant Herndon. To hold otherwise would permit evasion of the mandatory provisions of the statute.

The decree against Nathan Levin is affirmed, and against Robert Herndon and Robert Herndon Company reversed, with costs to appellants. A decree will be entered in this court dismissing the bill as to Robert Herndon and Robert Herndon Company.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.