## PRESTAGE *v*. HANLEY.

1. FORCIBLE ENTRY AND DETAINER—ORDINARY TRESPASS.
   Entry which has no force other than that implied in every trespass is not within forcible entry and detainer statute (3 Comp. Laws 1929, § 14964).

2. TAXATION—LAND CONTRACTS—EVIDENCE—VENDOR AND PURCHASER.
   In proceedings to recover possession of land by contract purchaser, contract was not admissible in evidence, where tax thereon had not been paid (1 Comp. Laws 1929, § 3647).

3. SAME—RIGHT OF PURCHASER TO PAY TAX AND RECEIVE CREDIT.
   On defendant's objection to admission of land contract in evidence because tax thereon had not been paid, plaintiff could have paid tax and received credit therefor on contract.

4. FORCIBLE ENTRY AND DETAINER—EVIDENCE—VENDOR AND PURCHASER.
   Writ of restitution in favor of plaintiff was not warranted, where there was no competent proof that she was entitled to possession.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 19, 1932. (Docket No. 140, Calendar No. 36,469.) Decided June 6, 1932.

Proceedings by Lulu Vern Prestage against Fred Hanley to recover possession of land. Judgment for plaintiff. Defendant appeals. Reversed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*A. W. Penny,* of counsel), for appellant.

Sharpe, J. Plaintiff brought proceedings before a circuit court commissioner to recover possession of 40 acres of land in the county of Allegan, averring in the complaint filed therein that on the 16th day of October, 1931, she was lawfully in possession thereof and that defendant entered without authority and removed certain personal property belonging to her therefrom and refused to vacate on demand therefor. She had judgment of restitution. An appeal was thereupon taken to the circuit court, where a similar judgment was entered, from which the defendant has appealed.

The proceeding was taken under the provisions of the following sections of 3 Comp. Laws 1929:

Section 14964: "No person shall make any entry into lands, tenements or other possessions, but in cases where entry is given by law; and, in such cases, he shall not enter with force, but only in a peaceable manner.

Section 14965: "When any forcible entry shall be made, or when an entry shall be made in a peaceable manner, and the possession shall be unlawfully held by force, the person entitled to the premises may be restored to the possession thereof, in the manner hereinafter provided."

The sections following provide for the form of the complaint and the after proceedings, including the entry of a judgment of restitution.

There is little dispute as to the facts. The plaintiff had been in possession of this land for a number of years. It was but a short distance from the home in which she lived. A tenant under her had occupied the house thereon for some time, but moved out the latter part of July, 1931. The defendant testified that he visited the premises on October 2, 1931, and found no person living thereon; that the door was open and some of the windows broken; that he then put a lock on the door and later moved into the house, claiming title to the property under a warranty deed he had received therefor. Plaintiff's husband testified that when defendant was moving in he told him that he had no right to be there, and that "it would have been necessary to use personal violence to prevent him from staying."

The provisions of this statute have been many times construed by this court. In *Smith* v. *Detroit Loan & Building Ass'n,* 115 Mich. 340 (39 L. R. A. 410, 69 Am. St. Rep. 575), it was held that "An entry which has no other force than that implied in every trespass is not within the forcible entry and detainer statute" (syllabus). Plaintiff's right to recover possession must then rest upon the provision in section 14965, that defendant's possession was "unlawfully held by force," and that she was entitled to possession, and that it should be restored to her. Her right thereto was based upon a contract of purchase which she claimed to have been executed by a former owner thereof. On the offer of this contract in evidence, objection was made that the tax thereon had not been paid, as required by 1 Comp. Laws 1929, § 3647. Attention was called to

our recent holding to that effect (*Macdonald* v. *Betts,* 246 Mich. 585), and it was not received.

Plaintiff's counsel then insisted that "as a matter of law, we are not obliged to introduce this contract in evidence." Some testimony relative thereto was, however, received over objection. In the opinion in the nature of a judgment filed and entered by the trial court, he found that the "plaintiff is a purchaser under a land contract of the property involved from Dr. Young." No competent evidence was introduced to warrant this finding. When the objection was made, the plaintiff might then have paid the tax and have received credit for it on her contract. *Macdonald* v. *Betts, supra.* She did not choose to do so, and the trial court was in error in holding that any competent proof had been admitted establishing her right to possession.

The judgment awarding her a writ of restitution is reversed, and the proceeding to recover possession dismissed, with costs of both courts to appellant.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.