LAMMIE *v.* KLUG.

1. VENDOR AND PURCHASER—EVIDENCE—CONTRACT INADMISSIBLE IN
EVIDENCE WHERE TAX NOT PAID.

Copy of land contract attached to affidavit was not admissible in
evidence where it did not have certificate attached showing
that mortgage tax had been paid (1 Comp. Laws 1929, § 3647).

2. WITNESSES—DECEASED'S AGENT'S TESTIMONY ADMISSIBLE.

Testimony of agent of deceased in making contract is not barred
by statute, but only that of agents of parties who may have
dealt with deceased (3 Comp. Laws 1929, § 14219).

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—FACT
ISSUE.

Where affidavit of merits, filed in opposition to motion for sum-
mary judgment in action on promissory note, contained suffi-
cient allegations to raise fact issue, summary judgment should
have been denied.

4. SAME—SUFFICIENCY OF AFFIDAVIT—COURT RULES.

Where affiant in affidavit of merits positively and without
qualification swears to facts in regard to which his testimony
would be competent on trial, sufficient compliance was had
with Court Rule No. 30, §§ 3, 4 (1931), although affidavit was
inartistically drawn.

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted June 15, 1933. (Docket No. 41, Calendar
No. 37,179.) Decided August 29, 1933.

Assumpsit by Susie T. Lammie, executrix of the
estate of Andrew A. Lammie, deceased, against
William H. Klug on promissory notes. Summary
judgment for plaintiff. Defendant appeals. Re-
versed, and new trial granted.

*Tilden M. Gallagher,* for plaintiff.

*McClatchey, Coburn & Garber,* for defendant.

Butzel, J. Susie T. Lammie, executrix of the estate of Andrew Lammie, deceased, moved for a summary judgment against William H. Klug on two notes signed by the latter and made payable to plaintiff's decedent. Defendant filed an affidavit of merits, in which he claimed he became an accommodation maker with Lammie's knowledge, and that the notes were without consideration. Jonathan A. Zahn, in an accompanying affidavit, stated that he borrowed large sums from Lammie in his lifetime; that, when he tried to obtain additional loans represented by the notes, Lammie told him that, if he would get defendant to sign two notes, Lammie would have them discounted and then loan him the money; that thereupon affiant secured defendant's signature to the notes and received the amount requested from Lammie; that, subsequently, affiant deeded a parcel of property to Lammie in payment of a large indebtedness, that included the amount of the notes in question, and Lammie gave him in turn a land contract for the repurchase of the property in instalments totaling the same sum as Zahn's prior indebtedness. A copy of the contract, attached to Zahn's affidavit, does not include a certificate indicating that the mortgage tax has been paid, and, therefore, cannot be admitted in evidence nor given consideration as part of the affidavit (1 Comp. Laws 1929, § 3647). *Henning* v. *Levin,* 259 Mich. 250.

An additional affidavit of the scrivener who drew the contract corroborates Zahn's testimony and shows that she heard the conversations between Lammie and Zahn, in accordance with which she drew the deed and contract. The affidavit also states

that the notes in question were paid in the manner claimed by Zahn. The land contract belonging to Zahn is referred to again, but is inadmissible, of course, for reasons already given. The trial judge rendered a summary judgment for plaintiff.

3 Comp. Laws 1929, § 14219, provides:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives."

The inhibition of the statute does not affect the testimony of agents of the deceased, but is applicable only to that of agents of parties who may have dealt with the deceased. *Hocking Valley Products Co.* v. *Tackett's Estate,* 219 Mich. 623. The affidavit of Zahn indicates that he was sent by Lammie to secure defendant's signature, and thus was constituted Lammie's agent. Possibly the record in a trial on the merits might bring out facts to the contrary, but, for the present, we must regard Zahn as Lammie's agent. He is so described in plaintiff's own brief. Disregarding the land contract referred to in the affidavits, there still remain sufficient proper allegations to raise a fact issue, and summary judgment should have been denied. *Cass* v. *Washington Finance Co.,* 263 Mich. 440.

Plaintiff alleges that defendant's affidavits are insufficient, in that each merely states that, if admitted to testify, the affiant would state certain facts. Court Rule No. 30, §§ 3, 4 (1931), provides that the affidavit—

"shall not consist of conclusions but of such facts as would be admissible in evidence; and shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

While the affidavits in the instant case have been inartistically drawn, Zahn's affidavit shows sufficient compliance with the rule. Affiant positively and without any qualification swears to his conversations with Lammie in regard to securing defendant as an accommodation maker of the note, and it is apparent from the face of the affidavit that his testimony would be competent on a trial.

The judgment is reversed, with costs to the defendant, and a new trial ordered.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.