PANASEWICH v. PANASEWICH.

1. TAXATION—LAND CONTRACTS—EVIDENCE—STATUTES.
    Land contract may not be enforced or received in evidence unless it contains certificate of county treasurer that specific tax thereon has been paid (1 Comp. Laws 1929, §§ 3642, 3647).

2. SAME—ASSIGNMENT.
    In suit to set aside assignment of land contract and impress a trust upon assignor's interest in favor of plaintiff, it was necessary to prove such a land contract and its assignment in order to establish plaintiff's claim, which proof included showing of payment of specific tax (1 Comp. Laws 1929, § 3647).

3. SAME—BELATED OFFER TO PAY.

Permission to pay specific tax on land contract, if Supreme Court is of opinion it should be paid, is withheld, where plaintiff's attorney did not accept trial judge's offer of opportunity, made at the conclusion of the evidence, to pay tax and introduce the contract in evidence (1 Comp. Laws 1929, § 3647).

4. SAME—PAYMENT OF SPECIFIC TAX NOT WAIVED BY ADMISSIONS IN PLEADING.

Necessity for payment of specific tax on land contract may not be waived by admission of defendant, in his answer to the bill filed, that there was such a land contract (1 Comp. Laws 1929, § 3647).

5. COSTS—EQUITY—FAILURE OF APPELLEE TO FILE BRIEF.

No costs are allowed on affirmance of decree in equity suit, where appellee filed no brief.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 17, 1935. (Docket No. 104, Calendar No. 37,133.) Decided March 5, 1935. Rehearing denied April 11, 1935.

Bill by Stephen Panasewich against Mary Panasewich, Joe Maj, and First Wayne National Bank to set aside an assignment of land contract for purchase of certain property, to impress a trust upon the equity therein, for an injunction and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Harry J. Lippman* and *John J. Adamski,* for plaintiff.

EDWARD M. SHARPE, J. In March, 1927, plaintiff filed a bill of complaint for divorce against defendant Mary Panasewich in Wayne county and on November 8, 1930, a final decree was entered. The decree contained a provision that plaintiff was entitled to a one-half interest in certain real estate located in the city of Detroit, the title to which prior to the entry of the decree stood in the name of de-

fendant Mary Panasewich. This property was incumbered by a real estate mortgage held of record by the Wayne County Home Savings Bank.

When the decree was entered, the plaintiff appealed to this court; and an opinion was filed (*Panasewich* v. *Panasewich*, 256 Mich. 356) modifying the decree of the lower court and decreeing the fee of the property in question to the plaintiff in his sole and own right. However, prior to the entry of the modified decree (January 12, 1932), the premises, being subject to a mortgage, had been foreclosed and the equity of redemption had expired June 13, 1931. On June 22, 1931, the bank sold the property to defendant on a land contract for approximately the amount due on the mortgage plus the cost of foreclosure, and other expenses connected therewith. On September 21, 1931, the defendant assigned her title and interest in the above land contract to one Joe Maj.

On April 5, 1932, the plaintiff filed a bill of complaint against all of the defendants herein asking that the interest which defendant Mary Panasewich acquired from the bank by virtue of the land contract be decreed to the plaintiff subject, however, to the rights of the defendant bank. The cause came on for trial and at the conclusion of the testimony the trial court, on his own motion, dismissed the bill of complaint because the land contract had not been introduced in evidence, the tax thereon not having been paid as required by 1 Comp. Laws 1929, § 3647.

The plaintiff claims that when the defendant Mary Panasewich repurchased the property from the bank, she did so subject to all incumbrances of record at the time of foreclosure; and that notice of *lis pendens* having been filed with the register of deeds of Wayne county prior to the foreclosure of the

mortgage, the defendant Joe Maj acquired no better title than his grantor, Mary Panasewich.

Plaintiff further claims that the admission of the existence of the land contract in the answer filed by the defendant Mary Panasewich obviated the necessity of producing either the original or the record with the tax certificate attached thereto.

Section 3647, 1 Comp. Laws 1929, provides as follows:

"No mortgage or land contract, which is subject to the tax imposed by this act shall be released, enforced, discharged of record or received in evidence in any action or proceeding at law or in equity, nor shall any assignment of or agreement extending any such mortgage or land contract be recorded until the tax imposed thereon by this act shall have been paid as in this act provided. No judgment or final order in any action or proceeding at law or in equity shall be made for the foreclosure or enforcement of any such mortgage or land contract, which is subject to the tax imposed by this act, or any debt or obligation secured thereby, until the tax imposed by this act shall have been paid as provided in this act. The certificate of the county treasurer in form as hereinafter provided, shall be *prima facie* evidence of the payment of the tax."

In several instances we have had occasion to construe this law.

"As a rule, a party offering a contract on which the tax is not paid is afforded an opportunity to pay it immediately and thereby render the instrument admissible in evidence." *Smith* v. *Sherman,* 265 Mich. 590, 596.

"While this court has declined to dismiss cases when the tax was not paid at the commencement of the proceeding, but was paid during its pendency, we see no reason why the court should not compel

payment as a condition precedent to further action when the fact of nonpayment has been called to its attention by motion or otherwise. In fact, we feel impelled to say that it was his duty to do so. *Nelson* v. *Breitenwischer,* 194 Mich. 30.'' *Macdonald* v. *Betts,* 246 Mich. 585, 587.

''The statute barred the contract, and, with the contract out of the case, plaintiff made no case against defendant for a deficiency decree. If the contract itself could not be considered evidence, without payment of the tax, its contents could not be shown by testimony or by the letter written by defendant Herndon. To hold otherwise would permit evasion of the mandatory provisions of the statute.'' *Henning* v. *Levin,* 259 Mich. 250, 253.

''Plaintiff's claim was founded upon payments due under the contract assigned to him and taxes paid pursuant thereto. To establish this claim, he must first prove that such a contract was entered into by the defendants. This might have been done by attaching to the affidavit the original contract or a verified or certified copy thereof. A reference to that attached to the declaration was not sufficient. It did not purport to be the original, nor was it verified or certified. Neither did it contain the certificate of the county treasurer that the specific tax thereon had been paid, as required by 1 Comp. Laws 1929, § 3642, and without it the contract could not be enforced or received in evidence. Section 3647; *Nelson* v. *Breitenwischer,* 194 Mich. 30.

''The failure of the defendants' attorney to appear and contest the motion was not a waiver of the necessity of plaintiff's compliance with the statute and rule. *Macdonald* v. *Betts,* 246 Mich. 585.'' *MacClure* v. *Noble,* 259 Mich. 601, 603.

''A copy of the contract, attached to Zahn's affidavit, does not include a certificate indicating that the mortgage tax has been paid, and, therefore, cannot be admitted in evidence nor given consideration

as part of the affidavit (1 Comp. Laws 1929, § 3647). *Henning* v. *Levin,* 259 Mich. 250." *Lammie* v. *Klug,* 264 Mich. 323, 324.

In the instant case plaintiff filed a bill in chancery to set aside the assignment of the contract from defendant Mary Panasewich to Joe Maj and also sought to have the court decree that the title, which defendant Mary Panasewich had in said contract, was held in trust for plaintiff. In order to establish this claim, it was necessary to prove that there was such a land contract and also prove the assignment thereof. The record shows that, at the conclusion of the evidence, the trial judge gave plaintiff's attorney an opportunity to pay the contract tax and then introduce it in evidence. This offer was not accepted, but plaintiff's attorney now asks permission to pay the tax, provided this court is of the opinion it should be paid. We think plaintiff's conditional offer now comes too late, nor can defendants' counsel waive the necessity of plaintiff's compliance with the statute by admitting in his answer to the bill of complaint that there is such a land contract. To hold otherwise would violate the plain provisions of the statute. This we may not do.

In view of our opinion upon this question, we find it unnecessary to decide the other grounds of appeal raised.

Judgment affirmed, but in view of the fact that defendants' counsel filed no brief, no costs will be allowed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.