## MATHEWS v. TRIPP.

1. INTEREST—LEGAL RATE—MAXIMUM.

   The legal rate of interest in this State is 5 per cent. per annum but parties may stipulate for any rate of interest not exceeding 7 per cent. per annum, subject to the provisions of the statute (2 Comp. Laws 1929, § 9239).

2. TAXATION—MORTGAGES—MORTGAGEE'S DUTY TO PAY.

   Under the present tax law, it is the duty of the mortgagee, not the mortgagor, to pay the mortgage tax (1 Comp. Laws 1929, § 3641).

3. USURY—INTENT—WRITTEN CONTRACT—MORTGAGES—TAXATION.

   In addition to 7 per cent. interest provided for in a mortgage, it was usury to stipulate that the mortgagor should pay the mortgage tax, whether or not the parties actually intended to carry out the arrangement.

4. SAME—SUBSTITUTION OF NEW PAPER—ESTOPPEL.

   The substitution of new paper, with usury added, for old paper as the same became due, does not preclude raising the question of usury upon the theory that the action was not brought upon the usurious note for a transaction which is usurious in its inception remains so until purged by a new contract, although no excessive interest is promised from the date of the renewal or substitution.

5. SAME—REMOVAL OF TAINT—NEW OBLIGATION.

   Taint of usury in an obligation is deemed removed therefrom when it is canceled and abandoned with knowledge and consent of the borrower and new obligation, containing no part of the usury and supported solely by the moral obligation resting upon the borrower to pay principal and legal interest, is executed in legal form.

6. SAME—FUTURE TRANSACTIONS—CONSIDERATION.

   If a transaction is usurious in its inception, it remains usurious until purged by a new contract; and all future transactions connected with or growing out of the original are usurious and without valid consideration.

7. Same—Merger of Usurious and Nonusurious Claims.

Mere fact that a usurious claim is merged with other claims which are not usurious into a single obligation does not taint the nonusurious claims with usury although all claims were between the same parties and closed at the same time and secured by the same security.

8. Appeal and Error—Accounting—Mortgage Foreclosure.

On appeal by both parties from trial court's computation of amount due on mortgage sought to be foreclosed by plaintiff, finding of trial court as to amount due on mortgage *held,* without error.

9. Costs—Appeal by Both Parties.

No costs are allowed where decree is affirmed and both parties have appealed.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted June 14, 1938. (Docket No. 71, Calendar No. 40,126.) Decided October 3, 1938.

Bill by Maria Mathews, as survivor of her husband Dwight Mathews, against Claude Tripp and others for foreclosure of a mortgage. From decree for plaintiff in an alleged insufficient amount, she appeals. Defendants cross-appeal. Affirmed.

*Geo. W. DesJardins,* for plaintiff.

*Herbert W. Smith,* for defendants.

Potter, J. Claude and Emma Tripp, husband and wife, and Sarah L. Tripp, November 21, 1929, gave to the Dryden State Bank their promissory note for $1,500, with interest at seven per cent. per annum, secured by a mortgage on real estate. January 3, 1931, the Dryden State Bank sold the note and mortgage to Maria Mathews, plaintiff, and her husband, Dwight Mathews, now deceased. The real estate mortgage was duly assigned.

The mortgage provided the mortgagors would pay the mortgagee, its legal representatives and assigns, the sum of $1,500, with interest at the rate of seven per cent. per annum. It also provided the mortgagors, within 40 days after the same became due, would pay all taxes and assessments which should be levied on said lands, or upon, or on account of, such mortgage, or the indebtedness secured thereby, or upon the interest or estate in said lands created or represented by the mortgage, or by said indebtedness, whether levied against the said mortgagors, their legal representatives or assigns, or otherwise.

The mortgage being in default, an agreement was made and entered into by and between the defendants Claude Tripp, Emma Tripp and Sarah L. Tripp, and said Dwight Mathews, October 16, 1934, in and by which an account stated was agreed to as to the amount due on account of said note and mortgage by reason of interest, taxes and insurance which said mortgagors had failed and neglected to pay. By said agreement, the amount owing was fixed at $2,405.10 as of November 21, 1934. This agreement of October 16, 1934, was not signed by Maria Mathews, plaintiff. Whether such agreement was valid or invalid under 3 Comp. Laws 1929, § 12965 (Stat. Ann. § 26.45) cannot change the result reached. Its validity was not questioned by any of the parties and it is treated here as valid.

Plaintiff filed this bill to foreclose the mortgage because of default in payments. Defendants deny plaintiff is entitled to recover interest upon the mortgage for the reason the provision therein relating to the payment of interest is usurious and, under the statute, the interest was forfeited; and they ask that credit be given, for all payments made by them, upon the principal sum.

The trial court denied interest on the principal sum, found the statement of October 16, 1934, included $522.31 which was not interest upon the note, on which he allowed interest at seven per cent. which amounted to $255.92, and determined there was $1,725 due, and decree was rendered therefor.

Plaintiff appeals from this decree, claiming the trial court erred in holding the defense of usury was not waived by the agreement of October 16, 1934, and erred in its method of computing the amount due on the mortgage. Defendants, by way of cross-appeal, contend the amount of $522.31, with interest, should not have been figured in the amount due on the note, agreement and mortgage.

The legal rate of interest in this State, fixed by 2 Comp. Laws 1929, § 9239 (Stat. Ann. § 19.11), is five per cent. per annum, with a provision the parties may stipulate for any rate of interest not exceeding seven per cent. per annum, subject to the provisions of the statute.

2 Comp. Laws 1929, § 9240 (Stat. Ann. § 19.12), provides:

"No bond, bill, note, contract or assurance, made or given for or upon a consideration or contract, whereby or whereon a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon."

2 Comp. Laws 1929, § 9241 (Stat. Ann. § 19.13), provides:

"Whenever it shall satisfactorily appear by the admission of the defendant, or by proof that any bond, bill, note, assurance, pledge, conveyance, contract, security, or any evidence of debt has been taken or received in violation of this act, the court shall declare the interest thereon to be void."

The mortgagors were to pay interest at the rate of seven per cent., and also any taxes or indebtedness on account of the mortgage or indebtedness secured by it. A tax of $7.50 was paid November 23, 1929, when this mortgage was recorded, as required by 1 Comp. Laws 1929, § 3641. Under the present tax law, it is the duty of the mortgagee, not the mortgagor, to pay the mortgage tax. *MacDonald* v. *Betts,* 246 Mich. 585; *Lippman* v. *Featherston,* 247 Mich. 153; *Prestage* v. *Hanley,* 259 Mich. 97.

"In addition to 7 per cent. interest provided for in a mortgage, it was usury to stipulate that the mortgagor should pay the mortgage tax, whether or not the parties actually intended to carry out the arrangement." *Vandervelde* v. *Wilson* (*syllabus*), 176 Mich. 185.

The original transaction was usurious.

Plaintiff urges the defense of usury is personal and may be waived, citing *Solomon* v. *Alpena Cedar Co.,* 194 Mich. 267, and contends usury was waived when, in 1934, the mortgagors voluntarily entered into an agreement with the assignees of the mortgage as to the balance then due on the mortgage, at which time no question of usury was raised.

"It never was intended that by substituting new paper, with usury added, for the old paper as the same became due, the question of usury could not thereafter be raised, * * * upon the theory that the action was not one brought upon the usurious note." *Gardner* v. *Matteson,* 38 Mich. 200.

"It seems to be the rule that the general principle determining when an indebtedness infected with usury is to be deemed disinfected that if the tainted obligation is, with full knowledge and consent of the borrower finally canceled or abandoned, and a new obligation, containing no part of the usury, is executed in legal form, and supported solely by the moral obligation resting upon the borrower to pay the money actually received with legal interest thereon, such new obligation is valid and enforceable. * * * *Carr* v. *Taylor,* 30 Misc. Rep. 617 (62 N. Y. Supp. 849) ; 39 Cyc. p. 1002; *Gladwin State Bank* v. *Dow,* 212 Mich. 521 (13 A. L. R. 1233)." *Union Guardian Trust Co.* v. *Crawford,* 270 Mich. 207.

"If a transaction is usurious in its inception, it remains usurious until purged by a new contract; and all future transactions connected with or growing out of the original are usurious and without valid consideration. An original taint of usury attaches to the whole family of consecutive obligations and securities growing out of the original vicious transaction; and none of the descendant obligations, however remote, can be free of the taint if the descent can be fairly traced." Webb on Usury, §308.

See, also, *Gladwin State Bank* v. *Dow,* 212 Mich. 521 (13 A. L. R. 1233).

As said in *Continental National Bank of Chicago, Illinois* v. *Fleming,* 170 Mich. 624, 643:

"If the transactions on account of which the indebtedness was incurred were tainted with usury, its effect cannot be avoided by taking other paper or security for the indebtedness, including the usurious charge."

In 2 Restatement of the Law of Contracts, §535, it is said:

"Where a bargain is usurious, an agreement in renewal thereof, or in substitution therefor, which

provides for a payment that includes the usurious interest is also illegal, although no excessive interest is promised from the date of the renewal or substitution.''

Plaintiff's bill of complaint alleges the account stated included an amount by reason of interest which the mortgagors failed and neglected to pay under the original agreement. The agreement of 1934 was not purged of usury. The usury inherent in the mortgage of November 21, 1929, was made a part of the subsequent agreement and rendered it partially usurious. That a usurious claim is merged with other claims which are not usurious into a single obligation does not taint the nonusurious claims with usury although all claims were between the same parties and closed at the same time and secured by the same security. *Minnesota Mutual Life Ins. Co.* v. *Schlanger,* 284 Mich. 207. We find no error in the trial court's computation of the amount due on the mortgage.

Decree affirmed, but, both parties having appealed, it is without costs to either party.

WIEST, C. J., and BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.